(Decided 10th March, 1869.)

CORNELIUS DUNHAM *vs.* GEORGE S. CLOGG.

*Instruction to the Jury—Appeal—Act of 1862, ch. 154—Practice in the Court of Appeals—Promissory Note payable to order, with the name of the Payee left in blank—Transfer of a Note after its maturity.*

Where an instruction is predicated on an *hypothesis of facts* of which there was no sufficient testimony, such error is open to review in this Court, although no exception under the Act of 1862, ch. 154, was made to the instruction in the Court below.

Where no point was made in the Court below in reference to the state of the pleadings, this Court is restricted in its review to the consideration of the evidence, and the instructions of the Court thereon.

In the absence of fraud, the maker of a note, having signed it, leaving a blank for the name of the payee, the holder can fill the blank with his own name and indorse it in blank, if it were payable to order, which will give it currency by simple delivery, and the possession of it in such case will be *prima facie* evidence of title, enabling the holder to sue in his own name. The same effect being thus given to the note as if it had been made payable to bearer.

*The Code, Art.* 14, *sec.* 8, providing that no judgment rendered in any suit on a promissory note shall be set aside, because of the indorsement on said note being in blank, substantially gives to the holder the same right

Dunham *vs.* Clogg.

from a blank as from a full indorsement, and Courts will not inquire into the right of possession, unless on an allegation of *mala fides*, with proof to sustain it; and blank indorsements, when necessary, may be filled up at the trial.

A made his note payable to blank order and delivered it to B, who passed it to C. C filled the blank with his own name and indorsed the note to D, and D passed it to E, after its maturity, for a valuable consideration. Before the note matured, A paid the amount of it to B, who delivered to him a paper acknowledging the receipt and promising to deliver up the note. In an action on the note brought by E against A, HELD :

1st. That the fact of A paying the note to B after it had passed into the hands of D and E, who were strangers to and ignorant of such fact, could not be used to defeat the demand of E.

2d. That the case would have been different if there had been any evidence of fraud on the part of D or E in the transaction, or if D could have been connected with B by showing that he was B's principal in the transaction, for which the note was given.

APPEAL from the Circuit Court for Howard County.

This action was brought by the appellant against the appellee upon a promissory note, the signature of which was admitted to be the genuine signature of the appellee, and which note was as follows :

" $258.65.            BALTIMORE, *December 26th,* 1860.

" Six months after date I promise to pay to the order of Stetson Vaughn, two hundred and fifty-eight dollars sixty-five cents, value received.

"GEORGE S. CLOGG."

Endorsed " Stetson Vaughn."

The declaration contained the usual money counts, and a count on the note sued for.

The defendant pleaded :

1st. That he never was indebted as alleged.

2d. That he never promised as alleged.

3d. That the plaintiff is not the *bona fide* holder of the note in the declaration mentioned, and that the same was

transferred to him after the said note had become due and been satisfied and discharged by payment to G. D. Vaughn, the then real owner of said note, which payment was known to the plaintiff at and before he became possessed of said note.

4th. That the said note in the declaration mentioned, was endorsed to the plaintiff after it was overdue, and not *bona fide*, or in the usual course of business, and that the same was satisfied and discharged by payment to the real owner of said note.

The plaintiff joined issue and replied as follows:

The plaintiff joins issue on the first and second pleas of the defendant.

And for replication to the defendant's third and fourth pleas, plaintiff says:

1st. That he is the *bona fide* holder of the said note.

2d. That the said note had not been satisfied and discharged by payment before the same was transferred to the plaintiff.

The plaintiff proved at the trial, by the evidence of Cornelius L. Dunham, taken under a commission issued by consent, that the note in question was before its maturity endorsed and delivered by Stetson Vaughn to the witness, in payment of certain shoes sold by said Vaughn on commission for witness, who, before its maturity, passed it by endorsement to Z. N. Whitmarsh, in payment for goods. While in the hands of Whitmarsh, this note became due and was protested for non-payment, when witness took it up by paying Whitmarsh the amount thereof. Witness subsequently endorsed it for a valuable consideration to the plaintiff. The appellee testified at the trial, that the note was given by him, drawn *payable to blank order*, to one G. D. Vaughn, in part payment for a lot of shoes sold by him to the appellee; that on the 18th of June, 1861, the appellee conveyed to G. D. Vaughn, as payment of said note and another, two small houses in the city of Baltimore, and received the following receipt therefor, viz:

Dunham *vs.* Clogg.

" I promise to deliver to George S. Clogg, his two notes, one of the amount of three hundred and fifty-two dollars, thirty-seven cents, due on the first of May, last; one of the amount of two hundred and fifty-eight dollars, sixty-five cents, due on the 29th of June, as I have received value for the amount.

" G. D. VAUGHN.

" BALTIMORE, *June* 18, 1861."

Endorsed by Clogg, as follows: " Receipt, June 18, 1861, from G. D. Vaughn;" and by G. D. Vaughn, as follows: " G. D. Vaughn, 92 Pearl street, Boston."

And although G. D. Vaughn promised to return said note to the appellee he never did so. The appellee knew nothing of Stetson Vaughn in the whole transaction; and the name of Stetson Vaughn must have been inserted in the blank left in the note for the name of the payee, subsequently to its being given by the defendant.

The plaintiff then offered the following prayer:

If the jury shall believe from the evidence, that the promissory note offered in evidence by the plaintiff, was given by the defendant for value, and that he signed the same, leaving a blank for the name of the payee, and that said note came, before the same was due, into the possession of a certain Stetson Vaughn, whose name was then written on said note as payee, and that before the said note fell due, it was endorsed for value by the said Stetson Vaughn to a certain Cornelius L. Dunham, and that before it was due it was endorsed by said Cornelius L. Dunham, and given in payment of a debt due by him, and that after the said note was protested for non-payment, it was taken up by said Cornelius L. Dunham, and then passed by him to the plaintiff, the present holder, Cornelius Dunham, for a valuable consideration, the plaintiff is entitled to recover.

This prayer the Court (SMITH, J.,) rejected, as also a prayer presented by the defendant, and gave the following instruction:

Dunham vs. Clogg.

If the jury believe from the evidence in the cause, that the promissory note offered in evidence was uttered by the defendant as the consideration for certain goods sold and delivered to the defendant by Stetson Vaughn, as agent of Cornelius L. Dunham, and that Stetson Vaughn, as such agent, endorsed the said promissory note to Cornelius L. Dunham, as his principal, as the consideration for said goods so sold and delivered by him, and that the said promissory note was paid and satisfied to said Stetson Vaughn, as the agent of said Cornelius L. Dunham; and if the jury further find from the evidence that the said promissory note was endorsed to the plaintiff after maturity, then the plaintiff is not entitled to recover.

To this instruction as also to the Court's refusal to grant his prayer, the plaintiff excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT and ALVEY, J.

*Wm. Reynolds, Jr.* and *Thos. Donaldson,* for the appellant:

The plaintiff's prayer correctly stated the law of the case, and should have been granted. The note being originally given for value, and a blank left for the payee's name, the holder had a right to fill the blank with his own name, and his endorsement of the note to Cornelius L. Dunham, for value before its maturity, gave to the latter an absolute right of recovery as against the maker; and this right could not be affected by any transactions between the original parties to the note, subsequent to the issuing of the same. Then, as the right of Cornelius L. Dunham, to recover on the note was absolute, he could transfer this right for value, as he did, to Cornelius Dunham, the plaintiff. *Story on Prom. Notes, sec.* 37; *Chitty on Bills,* 156; *Cruchley vs. Clarance,* 2 *Man. & Sel.* 90; *Crutchly vs. Mann,* 5 *Taunt.,* 529; *Atwood and others vs. Griffin and others,* 2 *C. & P.,* 368; *Boyd vs. McCann,* 10 *Md.,* 118.

Dunham *vs.* Clogg.

The payment made by the defendant to G. D. Vaughn, before the maturity of the note, the note still outstanding, and the defendant's name left thereon, was at the defendant's own risk, and could not defeat the claim of a *bona fide* holder of the note. No valid payment could be made except to the holder or his representative. *Morley vs. Culverwell,* 7 *M. & W.,* 174; *Deacon vs. Stodhart,* 2 *M. & Gr.,* 317.

Cornelius L. Dunham being a holder of the note for value, before maturity, and having endorsed the same, and having as such endorser taken up the note at its maturity, had a right to sue the maker, (Geo. S. Clogg,) thereon; and therefore, after the note was overdue, he could negotiate the same so as to give his transferee the same right to sue the maker. *Callow vs. Lawrence,* 3 *M. & S.,* 95; *Hubbard vs. Jackson,* 4 *Bing.,* 390; *Graves vs. Key,* 3 *B. & Ad.,* 313; *Long & Byrn vs. Crawford,* 18 *Md.,* 220.

The equities subject to which an over due note is taken by an endorsee for value, are such as it may have been incumbered with, while in the hands of the person from whom he received it, and such only as naturally arise out of the note transaction, not out of any matter *dehors* the note, or collateral thereto, as set off, or even payment. *Story on Prom. Notes,* secs. 178, 180; *Chitty on Bills,* 219, 220; *Burrough vs. Moss,* 10 *B. & C.,* 558; *Whitehead vs. Walker,* 10 *M. & W.,* 696; *Sturtevant vs. Ford,* 4 *M. & Gr.,* 101; *Bosanquet vs. Dudman,* 1 *Starkie,* 1.

The instruction given by the Court was manifestly erroneous, because it submitted to the jury to find facts of which there was no evidence whatever, and which, indeed, were directly contrary to all the evidence in the cause.

*Geo. W. Sands,* for the appellee:

The Court below looking to the pleadings in the cause as spread upon the record, could not grant the instructions sought to be given by the plaintiff, because by his *admissions* patent on the record, he had estopped himself from proving

the facts necessary to sustain said instruction, or to maintain his action.

It is a. rule of law that "every pleading is taken to confess such traversable matters alleged on the other side, which it does not traverse." *Stephen on Pleading*, 197, 217, 218; *Gould's Pleading*, 152; *Com. Dig. Pleader*, (*G.* 2;) *Back. Ab. Pleas, &c.*, 322, 386, (*5th Edit*;) *Howard vs. Wilmington and Susquehanna Rail Road Company*, 1 *Gill*, 311, 342, 343.

The Defendants third plea contains *four* distinct allegations:

1st. That the plaintiff is not the *bona fide* holder of the note in the declaration mentioned. 2nd. That the note was transferred to the plaintiff after the same had become due and been satisfied and discharged by payment to G. D.Vaughn. 3d. That the said G. D. Vaughn was the then real owner of said note. 4th. That payment of the said note to G. D. Vaughn, was known to the plaintiff at and before he became possessed of said note. In his replication to this plea, the plaintiff traverses *the first allegation only*. The 2d, 3d and 4th allegations of the plea stand *untraversed*, and therefore *confessed*. Again, the defendant's fourth plea contains *three* distinct allegations: 1st. That the said note in the declaration mentioned was endorsed to the Plaintiff after it was overdue. 2d. That it was *not* so endorsed *bona fide, or in the usual course of business*. 3d. That the said note was satisfied and discharged by payment to the then real owner of said note. Only the third allegation of this plea is traversed, and that imperfectly. The 1st and 2d allegations of the plea *are not traversed*, and therefore *confessed*. These *admissions* preclude the party making them from afterwards contesting the same facts in the same suit. They are estopped by matter of record. (*See the authorities previously quoted, and the many cases cited by them.*)

An agent may appoint a sub-agent, and the principal by accepting the proceeds of the act of such sub-agent, charges

Dunham vs. Clogg.

himself with all the disadvantages of the conduct of such sub-agent. *Story on Agency, secs.* 249, 389; *Paley on Agency, by Lloyd*, 171, *and note; Coles vs. Trecothick*, 9 *Ves.*, 236, 251, 252.

Any objection which may be taken against a note, may be taken against the endorsee thereof, if when he took it, it appeared upon its face to have been dishonored. *Chitty on Bills*, 242; *Story on Promissory Notes, sec.* 180; *Leavitt vs. Putnam*, 1 *Sanford Sup. Ct. R.*, 199; *Annan vs. Houck*, 4 *Gill*, 325, 331.

STEWART, J., delivered the opinion of the Court.

There could have been no valid objection to the instruction given to the jury by the Court if the facts in the case justified it, but so far as we can discover by the proofs furnished in the bill of exceptions, they did not warrant the instruction. There was no evidence that the note in question was given for goods sold by Stetson Vaughn, as agent of C. L. Dunham, to the appellee, and that as such agent he endorsed it to Dunham, and that it was paid to Vaughn as such agent; but so far as the facts are disclosed by the proof, Dunham and Vaughn were strangers to the transaction between the appellee and G. D. Vaughn. If the appellee had made it appear that G. D. Vaughn was the agent of C. L. Dunham in the transaction of the sale of the shoes to the appellee, or that Stetson Vaughn, as agent of said Dunham, was authorized to employ G. D. Vaughn as a sub-agent, or that Dunham ratified or accepted the acts of G. D. Vaughn, or Stetson Vaughn, in reference thereto, and that the note sued on was given for the shoes, Dunham would have been bound by the acts of G. D. Vaughn in relation thereto. In such case Dunham or his endorsee, the appellant, after the dishonor of the note, would hold it subject to any equities the appellee, as the maker of the note, might have affecting its validity or recovery from him. The appellant was warned by the protest and took the dishonored note, subject to such equitable defence as the appellee might be entitled to under such circumstances.

Whilst it is true that the note, although overdue, might be endorsed, yet when it was transferred by endorsement, or delivery after protest, the holder took it *cum onere. Anan vs. Houck,* 4 *Gill,* 325. In such case it must be left to the jury, upon the slightest circumstance, to presume that the endorsee had notice of any equity affecting its validity. *Story on Prom. Notes,* sec. 178; *Chitty on Bills,* 216, 217.

The error of the Court is not relieved by the provisions of the Act of 1862, ch. 154. That Act prevents us from reversing a judgment by reason of the assumption of a fact, on the part of the Court, unless the objection is made at the trial below. The error is not in the assumption of a fact, but predicating the instruction upon a hypothesis of facts, of which there was no sufficient testimony. 25 *Md.,* 30, 34. There was no point made below in reference to the state of the pleadings, and we are restricted in our review to the consideration of the evidence and the instruction of the Court thereon. If there were any *mala fides* in regard to the transaction of the note, affecting its validity, it must be ascertained from the testimony submitted to the jury. In the absence of fraud, the appellee having signed the note, leaving a blank for the name of the payee, the holder could fill the blank with his own name, and endorse it in blank as it was payable to order, which would give to it currency, by simple delivery, and the possession of it in such case would be *prima facie* evidence of title, enabling the holder to sue in his own name. The same effect is given to the note, under such circumstances, as if it had been made payable to bearer. *Whiteford vs. Burckmyer & Adams,* 1 *Gill,* 146.

The Code, Art. 14, sec. 8, provides that no judgment shall be set aside, because of the endorsement being in blank, which substantially gives to the holder the same right, from a blank as a full endorsement, and Courts will not enquire into the right of possession, unless on an allegation of *mala fides,* with proof to sustain it; and blank endorsements, when necessary, may be filled up at the trial. If the *bona fides* of this note,

had been impeached by the testimony affecting C. L. Dunham, or the appellant, his endorsee after the protest, the appellee could have had the benefit thereof and a very different question would have been presented.  The fact of the appellee paying G. D. Vaughn, after he had signed the note in blank, and it had passed into the hands of C. L. Dunham and the appellant, who, from anything that appears from the evidence, as we have said, were utter strangers to, and ignorant of, any such fact; could not, in justice, be used to defeat the demand of the appellant.  The folly of the appellee in undertaking to pay the note to G. D. Vaughn under such circumstances, when the note was not in his possession, should not be visited upon innocent parties, so far as it appears, who had become possessed of the note without notice of any such fact. It is the misfortune of the appellee that he acted so unadvisedly.  Any *mala fides* on the part of G. D. Vaughn occasioning him loss, must fall rather on the party, who, by his own *laches* has afforded him such opportunity.  If there had been any evidence of fraud on the part of C. L. Dunham, or the appellant, in the transaction, or if Dunham could have been connected with G. D. Vaughn, as we have stated, the appellant's prayer could not have been granted; but in the absence of such testimony, we can see no objection to it, and the hypothesis of facts enumerated in the prayer, if found to be true by the jury, did authorize them to find a verdict for the appellant, and the prayer should have been granted.

*Judgment reversed and
procedendo awarded.*

(Decided 10th March, 1869.)