# MARYLAND REPORTS.

## GEORGE GUNTHER *vs.* CHARLES A. DRANBAUER.

*Local and Transitory Actions—Obstruction Placed in a Highway—Negligence—Demurrer—Appeal—Special Exception Requisite to Prayer Assuming a Fact.*

An action to recover damages for an injury to real estate or for interference with an easement in land, such as a right of way, is local and must be brought in the county where the land is situated. But an action for an injury to the person of the plaintiff, no matter by what means occasioned or where inflicted, is transitory.

An action to recover damages for an injury occasioned by defendant's negligence in placing an obstruction in a highway is transitory and need not be brought in the county where the highway runs, when such action does not involve any question as to plaintiff's right to use the highway.

Defendant constructed a sewer by the side of a street, the sewer being covered by iron bars not strong enough to support heavy vehicles. To protect the same a post two and a-half feet high was planted some feet out in the roadbed. *Held*,

1st. That the making of the sewer in or across the highway in such a manner as to be dangerous to travellers on the highway was a wrong for which, if an injury happened on account of it, an action would lie.

2nd. That the placing of the post in the highway was likewise a wrong which would furnish a cause of action if injury resulted therefrom, and it was no excuse that the post was so placed in order to guard against injuries that might be caused by the sewer.

When a demurrer is filed to a whole declaration, it is properly overruled if any count in the declaration is good

Under Code, Art. 5, sec. 9, the objection that there was no evidence legally sufficient to support an instruction actually given by the trial Court, or that such instruction assumed a fact or submitted a question of law to the jury, cannot be made in the Court of Appeals unless it appears from the record that the objection was specially made to and decided by the trial Court.

Appeal from the Superior Court of Baltimore City (WRIGHT, J.)  At the trial the plaintiff offered the following prayers:

*Plaintiff's 1st Prayer.*—If the jury shall find from the evidence in the case that the defendant, Gunther, constructed or caused to be constructed an open gutter running along the north side of O'Donnell street, in Baltimore County, to drain property belonging to said Gunther adjacent thereto, and at the westernmost extremity of said gutter constructed or caused to be constructed a covered sewer into which the contents of said gutter emptied; that the mouth of said sewer at the point where said gutter terminated, was covered or caused to be covered, by said defendant, with an iron plate or grating; that in order to prevent persons travelling on the highway from passing over said iron plate or grating at the mouth of said sewer, said defendant erected or caused to be erected a wooden post about two feet in height, said post standing in the public highway at the northeast intersection of O'Donnell and Third streets, about 4½ feet south of the kerb line of O'Donnell street, and about 5 feet west of the kerb line of Third street; and if they shall further find that the said post so erected constituted a dangerous obstacle or obstruction to said highway, if left unlighted or unguarded; and if they shall further find that the plaintiff, on the night of June 9th, 1895, while driving along said highway, and exercising ordinary care and diligence, drove the wheel of his wagon against the said post, the same being at the time unlighted or unguarded in any way whatsoever, and was thereby thrown from his wagon and run over by the same, and suffered in consequence thereof the loss of his right hand, then the plaintiff is entitled to recover.  (Granted).

*Plaintiff's 2nd Prayer.*—If the jury find for the plaintiff, they are to consider, in estimating damages, the health and condition of the plaintiff before the injuries complained of, as compared with his present condition in consequence of said injury, and whether said injury is in its nature permanent ; also the physical and mental suffering to which he has been subjected by reason of said injury, and they are to allow him such damages as in the opinion of the jury will be a fair and just compensation for the injury which the plaintiff has sustained.   (Granted).

And the defendant offered the following prayers :

*1st.* If the jury believe from the evidence in this case that the plaintiff knew that the post mentioned in this case was planted by the defendant near the northeast corner of O'Donnell and Third streets, as testified to by the several witnesses, and shall further find that the plaintiff, by the exercise of ordinary care and caution, could have seen the said post and have avoided driving against it on the night of the accident mentioned in this case, then their verdict must be for the defendant.   (Conceded).

*2nd.* If the plaintiff might, by the exercise of ordinary care and caution, have escaped the injury for which this action is brought, and did not exercise such care and caution at the time when the accident occurred, and that but for the want of such care and caution he would not have sustained the injury complained of, then the plaintiff is not entitled to recover, even if the jury shall believe that the injury was caused by driving against the post mentioned in this cause.   (Conceded).

*3rd.* If the defendant in this case, by permission of the Baltimore County authorities, built and constructed a gutter or waterway along the north side of the kerb of O'Donnell street, and in order to carry off the water and drainage along said gutter or waterway constructed the sewer at the corner of O'Donnell and Third streets as testified to ; and further find that said gutter or waterway and said sewer were reasonable and proper ways to carry off the water and

drainage ; and further find that said sewer was covered by iron slats or bars ; and further find that it was necessary to make the said open sewer secure and prevent the same from being dangerous to the public, planted a post as testified to alongside of said opening ; and shall further find that planting said post was a reasonable and proper way to protect the public from accident and to render secure said open sewer, then their verdict must be for the defendant. (Rejected).

*4th.* If the plaintiff knew that the post was located, as testified to in this case, then he was bound to use such care and caution to avoid driving against the same as a person of ordinary prudence would use having such knowledge. (Conceded).

*5th.* If the defendant in this case built and constructed a gutter or waterway along the north side of the kerb of O'Donnell street, and in order to carry off the water and drainage along said gutter or waterway, constructed the sewer at the corner of O'Donnell and Third streets, as testified to, and further find that said gutter or waterway and said sewer were reasonable and proper ways to carry off the water and drainage, and further find that said sewer was covered by iron slats or bars, and further find that it was necessary to make said sewer opening secure and prevent the same from being dangerous to the public, planted a post, as testified to, alongside of said opening, and shall further find that planting said post was a reasonable and proper way to protect the public from accident and to render secure said open sewer, then their verdict must be for the defendant. (Rejected).

The jury returned a verdict for the plaintiff for $5,000, and from the judgment thereon the defendant appealed, after a motion for a new trial had been overruled.

The cause was argued before McSHERRY, C. J., BRYAN, BRISCOE, ROBERTS and BOYD, JJ.

*Thomas G. Hayes* and *Alexander H. Robertson* (with whom was *J. Fred. Requardt* on the brief), for the appellant.

*Randolph Barton, Jr.,* and *Redmond C. Stewart* (with whom was *David Stewart* on the brief), for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

This suit was instituted by the appellee against the appellant in the Superior Court of Baltimore City.    The declaration contains three counts.    In the first it is alleged that the defendant placed or caused to be placed in a public highway of Baltimore *County*, at the intersection of Third and O'Donnell streets in Canton, a block or wooden beam which was so placed as to obstruct the highway, and during the night time was left without placing any light to indicate danger, and that in consequence of such negligent and improper conduct of the defendant the plaintiff in passing along the highway and using due care himself, drove over the obstruction and was thrown out of his wagon and seriously injured.    The second count charges that the defendant constructed a footwalk in front of his houses, leaving a portion of his land to be used as a roadway, and upon said roadway, where wagons passed, he placed a block or wooden beam so as to obstruct the roadway, whereby the plaintiff using due care, &c., as in the first count.    The third count sets forth that the defendant placed or caused to be placed at the *edge of* the public highway a block or wooden beam, so as to cause a dangerous obstruction to those using the said road or highway, and placed the same in an improper and negligent manner and left the same upon the night of a certain day without placing any light or signal of danger thereupon, and that the plaintiff whilst driving along the road in a wagon, accidentally and without fault on his own part drove said wagon against the said block or beam whereby he was thrown out and injured, &c.    To the whole declaration, and not to each count thereof, a demurrer was filed ; and it is insisted that the demurrer should have been sustained because the injury having occurred in Baltimore

*County*, and the action being a local and not a transitory one, the Superior Court of Baltimore *City* had no jurisdiction to try it. The Court below overruled the demurrer and in doing so committed, it seems to us, no error whatever.

It is undoubtedly true that local actions must be brought in the jurisdiction where they arise ; whilst transitory actions may be instituted wherever the defendant happens to be. The difficulty met with in practice consists not so much in a dispute over this elementary principle as in the application of it ; and the chief perplexity encountered in its application springs from a failure to clearly distinguish between what are local and what transitory actions. Speaking generally, it has been said : " If the cause of action could only have arisen in a particular place the action is local, and the suit must be brought in the county or place in which it arose. Actions for damages to real property, actions on the case for nuisances, or for the obstruction of one's right of way are, according to all the authorities, local. On the other hand, actions for injuries to the person or to personal property, actions on contracts, and in fact all actions founded on transactions which might have taken place anywhere, are transitory." *Crook* v. *Pitcher*, 61 Md. 513 ; 1 *Chitty Pl.* 268 (8th ed.) But there must be a test by which it may be determined whether a particular cause of action sounding in damages is local or transitory ; and an unerring one inheres in the nature of the *subject* of the injury as differing from the *means* whereby and the mere *place* at which the injury was inflicted. If the subject of the injury be real estate or an easement such as a right of way, whether private or public, obviously the action must be local, for the reason that the injury *to* that particular real estate or easement could not possibly have arisen anywhere else than where the thing injured was actually situated. But if the subject of the injury be an individual, then an injury *to* that individual's person, no matter by what *means* occasioned or *where* inflicted, is essentially an injury to a subject not hav-

ing a fixed, stationary, immovable location ; and an action to recover damages therefor would necessarily be transitory. To borrow an apt illustration used in *Mason* v. *Warner*, 31 Mo. 508 : " If an agistor of cattle open a pit in his field and negligently leave it open, whereby my horse at pasture is permitted to fall into it and is killed, the means and place of injury are local, but the subject of injury—the horse—is transitory and capable of injury as well at one place as another.   But if my horse trespass upon the agistor's field, break the close, and tread down and eat the grass ; here the means of injury—the horse—is movable, transitory, but the subject of injury—the realty—is immovable, local and therefore not capable of being injured at any other place."

It is apparent that an injury to a person *on* a highway is not an injury *to* the highway.   It does not follow that because an injury to a person occurs *on* a highway that the right of such person to use the highway is indispensably at issue.   An action founded on and growing out of an obstruction of a highway, and raising distinctively and specifically the plaintiff's right to use the way is essentially a local action, because it involves an interest in the local, fixed subject itself; but an injury happening to an individual *on* that same highway by reason of any tort or wrongful act of another is not necessarily an injury to the bare right of user, even though an obstruction of the highway may be incidently concerned as a mere instrumentality immediately producing the injury complained of.   If the pending action involved the right of the plaintiff to use the alleged highway—if he claimed a right to use it and the defendant obstructed the way, and by that or other means denied the existence or interfered with the exercise of the asserted right—the cause of action would indisputably be local.   The right of the plaintiff in or to the use of the highway would then be the *subject* of the injury.   But there is no issue here as to the right of the plaintiff to use the highway.   The suit was not brought to recover damages for an interference with the plaintiff's right of user, but to recover for a personal

injury sustained *on* the highway by reason of the defendant's negligence in placing and leaving either on or near to the highway an instrumentality calculated to cause, and in this instance actually causing, a personal injury.    The *subject* of the injury is the *person* and not the *highway.*    The highway can only be injured as a highway where it is, for it has a fixed location there and can be no where else—the person could have been injured there or elsewhere, for the person is transitory.

The authorities relied on in support of the demurrer are not in conflict with these views.    The form in 2 *Chitty's Pl.* 581 (16th ed.) cannot be regarded as controlling.    It is true the form there given strongly tallies with the first count of this declaration, and it is stated that the *venue* is local ; but precisely the same form is given in vol. 2, p. 599, 8th ed. of the same work, and it is *not* stated that the *venue* is local.    In *Greasly* v. *Codling*, 2 Bing. 263, it is expressly shown that " the object of the action was to establish a right of way," and, of course, therefore, the action was necessarily local.    But it is needless to review the cases in detail, for *Mr. Poe* in his excellent work on *Pleading*, p. 29 (1st ed.) sums up the law in these words : " The local actions are Ejectment, Dower, Replevin and Trespass to real property. *All the other actions are transitory.*"

Let us go one step further.    Even if it be conceded— though it is not—that the first and second counts declared for an obstruction of and injury to a thoroughfare in such a way as to indicate that the injury complained of could only be sued for in Baltimore *County ;* still the *third* count manifestly does not involve an interference with a right of way, but proceeds upon averments imputing to the defendant negligent acts done by him outside of the right of way, whereby a personal injury was occasioned to an individual rightfully using the way.    Under this count no question of impeding travel over the highway is raised, and the single inquiry presented by the third count is whether the defendant had been guilty of such negligent conduct—not in ob-

structing a highway—but in producing a personal injury by a wrongful act as would give the plaintiff a cause of action. Planting a post so *near* the highway as to cause personal injury to another who is lawfully using the highway though not a physical obstruction of the highway is, if injury does ensue therefrom, an actionable wrong differing in no respect from a similar injury caused by the same post if held in the hands of the defendant instead of being planted in the soil *near* the highway. Inasmuch, then, as the third count does not set forth a cause of action which is local, but does set forth one that is obviously transitory, *that* count is good and as to it the suit was rightly brought in Baltimore *City.* Now, as the demurrer went to the *whole* declaration and not to each count it was properly overruled if *any* count in the *narr.* were sustainable. *Code*, Art. 5, sec. 15 ; *Avirett* v. *The State,* 76 Md. 527 ; *Wheeler* v. *The State,* 42 Md. 563. There was consequently for this reason, if for none other, no error in the ruling on the demurrer.

We come next to the instructions granted and to the prayers rejected. The two instructions given at the instance of the plaintiff are free from error. Indeed, the only objection urged to the first is that there was no evidence in the case to support two facts alleged to have been assumed as true. No special exception on this ground was taken to the prayer in the Court below ; but it is, nevertheless, insisted that this objection may be successfully relied on and availed of in this Court. To this contention we do not agree. Conceding that the prayer does assume as a fact that the road upon which the accident happened was a highway, and that it further assumes the post was unlighted ; and granting that there was no evidence adduced to support either assumption ; still as no objection founded on the absence of evidence to sustain these postulates was made to the prayer in the Court below, we are precluded from considering such an objection now. Prior to the adoption of Rule four, which is now section nine of Article five of the Code, an objection of this sort would have prevailed in this Court

though not interposed in the Court below.   The Act of
1862, ch. 154, enacted that " the Court of Appeals shall in
no case decide any point or question which does not appear
by the record to have been tried and decided by the Court
below ; but no *prayer* or *instruction* shall be deemed defec-
tive by reason of any assumption therein of any fact by said
Court, or because of a question of law having been thereby
submitted to the jury, unless it appears from the record that
such objection was taken at the trial."   This statute was
held not to apply to or cure an instruction founded on an
assumption of facts of which there was no evidence before
the jury.   To assume a fact, it was said, is to state as proved
that which is to be proved, whilst to instruct the jury upon
an hypothesis of which there is no evidence is to leave them
to assume or find that for which there is no foundation.
*Mayor & C. C. of Balto.* v. *Trimble & Poultney*, 25 Md. 34 ;
*Dunham* v. *Clogg*, 30 Md. 292 ; *Hamilton* v. *Hardesty*, 32
Md. 354.   But Rule four relating to appeals and which be-
came effective on January the first, eighteen hundred and
seventy, long after the cases just referred to arose and con-
siderably after the one reported in *25 Md.* had been decided,
specifically supplied the omission left in the Act of 1862,
though at the same time narrowing somewhat, in one respect,
the Act's previous scope and range.   The Act of 1862 hav-
ing provided that " no *prayer or instruction* shall be deemed
defective by reason of the assumption of any fact, &c. ," Rule
four declared that " no instruction *actually* given shall be
deemed to be defective by reason of any assumption therein
of any fact, &c."   Whilst the Act of 1862 cured any *prayer
or instruction* that but for that enactment would have been
open to the objection of having assumed a fact or of having
submitted a question of law to the jury ; Rule four cured
only *instructions actually given ;* and to this extent it nar-
rowed the scope of the statute.   But in another particular
the Rule greatly enlarged the Act ; for in addition to de-
claring that no instruction actually given should be deemed
defective by reason of the assumption of a fact, or because

of a question of law having been submitted thereby to the jury, unless an objection for such defect were taken at the trial ; the Rule now forming section 9 of Art. 5 of the Code, proceeds to prescribe a *third* condition left untouched by the Act of 1862 ; and it is this : " Nor shall any question arise in the Court of Appeals as to the insufficiency or evidence to support any instruction actually granted, unless it appear that such question was distinctly made to and decided by the Court below." Consequently, since the adoption of Rule four, if the decision of this Court is desired upon the question as to whether there was an insufficiency—or what is the same thing, an absence—of evidence to support any hypothesis of an instruction actually granted, it can only be secured by filing a proper objection in the Court below raising that precise question and procuring a ruling thereon—and this objection and the ruling thereon must appear in the record by exceptions signed by the trial Judge. *Albert* v. *State, use of Ryan*, 66 Md. 334. It is apparent, therefore, that though the cases in *25th, 30th* and *32nd Md.* were rightly decided under the statute as it then stood, providing for but two contingencies, viz., the assumption of a fact, and the submission of a question of law to the jury ; those cases are not applicable to Rule four or sec. 9 of Art. 5 of the Code, providing for *three* contingencies, viz., the assumption of a fact, the submission of a question of law to the jury, and the insufficiency of evidence to support an instruction actually granted. No exception having been taken in the Court below to the granting of the first instruction on the ground that there was no evidence to support the facts alleged to be assumed by it, we are not at liberty to consider such an objection made for the first time in this Court.

The second instruction defining the measure of damages is not open to criticism.

The appellant's *third* and *fifth* prayers were rejected ; his *first*, *second* and *fourth* were conceded. The third and fifth are precisely alike, except as respects one hypothesis of fact

which the third contains but the fifth does not. This hypothesis is unsupported by any evidence in the record. Without transcribing these prayers here it is sufficient to say that both are founded upon wholly untenable theories. The record shows that the defendant, who owned several houses on O'Donnell street, constructed along that street an open gutter for drainage and then built a sewer to carry the water from the gutter under the street. This sewer was covered with iron bars or grating. At the end of this covering there is a perpendicular drop of three inches from the level of the street paving to the iron grating covering the sewer. The iron bars were not sufficiently strong to permit heavy vehicles to pass over or along them, and with a view to protect the covering from being crushed by wagons, a post two feet six inches in height was planted on the *outside* of the sewer or some feet out in the roadbed. The third and fifth prayers, which we are now considering, deny to the plaintiff a right to recover if the jury should find that to make the sewer so built by the defendant in the street secure, and to prevent it from being dangerous to the public, the planting of the post in the bed of the road or highway was a reasonable and proper way to protect the public from accident. This obviously presented no defence. The construction of a sewer in or across a public thoroughfare in such an insecure way as to be dangerous to the persons who might use the road was in itself a wrong for which, if an injury happened on account of it, an action would lie. The planting of a post in the same highway, alongside of the sewer, was likewise a wrong which would furnish a cause of action if injury resulted therefrom. The proposition of the prayers is that though the improper construction of the sewer did amount to an actionable wrong, the defendant would not be liable in this suit if, to avoid the consequences which *that* wrong might produce, he committed *another* wrong by erecting the post; and that he would not be liable though the latter wrong inflicted the injury for which the suit was brought. Having been guilty

of a tort by negligently building the sewer, the prayers assert, that the defendant had the legal right to guard against the injuries that might arise from *that* wrong by perpetrating another wrong which actually caused the injury. Thus the first wrong necessitated the second, and as the second was resorted to for the purpose of preventing damage by the first; the second, though immediately occasioning the damage, furnished no cause of action at all. A succession of wrongful acts only emphasises the liability of the wrongdoer—certainly it cannot lessen or extinguish his accountability. If one wrongful act makes him liable, two wrongful acts cannot exculpate him.

As we find no errors in the rulings complained of the judgment appealed from must be affirmed.

> *Judgment affirmed with costs above and below.*

(Decided June 22nd, 1897).