# J. M. & G. D. MATTIX *v.* W. W. SWEPSTON.

## *(Jackson.* April Term, 1913.)

1. ACTIONS. "Cause of action" may include what.

Without attempting to give an inflexible definition, it may be stated generally that a "cause of action" includes all the facts which together constitute the plaintiff's right to maintain the action. (*Post. p.* 697.)

Cases cited and approved: Post v. Campau, 42 Mich., 96; Marquat v. Marquat, 12 N. Y., 341.

2. SAME. Whether action is local or transitory must be determined by what test.

A true statement of the test between a local and a transitory action is whether the injury is done to a subject-matter which, in its nature, could not arise beyond the locality of its situation, in contradistinction to the subject causing the injury. The most typical illustration of a local action is an injury to real estate, and of a transitory action is an injury to the person. (*Post, pp.* 697, 698.)

Case cited and approved: Gunther v. Dranbauer, 86 Md., 1.

3. SAME. Action for obstruction of right of way existing in privity of contract, and not in privity of estate or title, is transitory, and not local.

Where plaintiffs purchased from the landowner the standing timber on certain lands in another State, and the landowner also granted to them a right of way over his other adjacent lands, for the purpose of hauling the timber to the railroad; and the landowner subsequently leased such adjacent lands to the defendant, who, notwithstanding his knowledge of plaintiffs' rights in the premises at the time he made his contract of lease, by obstructing the right of way and maintaining the obstruction by threats of violence, prevented plaintiffs from

Mattix v. Swepston.

using it, and thereby causing them to default in the performance of their contracts for the delivery of timber, which resulted in their bankruptcy, it was *held* that the right of action for such obstruction was transitory, and could be maintained in this State, where defendant was found, because the plaintiffs' right to use the way did not arise in privity of estate or title with such landowner, but existed in privity of contract alone, and was merely appurtenant to the right to cut and remove the timber; and the cause of action did not consist alone of the defendant's wrongful conduct, but embraced plaintiffs' rights under the contract which were destroyed by defendant's misconduct. (*Post, pp.* 698-700.)

Cases cited and approved: Nunnelly v. Iron Co., 94 Tenn., 413; Long v. Mayberry, 96 Tenn., 378; State v. District Court, 94, Minn., 370.

4. **APPURTENANCES. A thing appurtenant is defined.**
A thing appurtenant is a thing used with and related to or dependent upon another thing more worthy, and agreeing in its nature and quality with the thing whereunto it is appendant or appurtenant. (*Post, pp.* 698, 699.)

Case cited and approved: Lucas v. Bishop, 15 Lea, 167.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by writ of *certiorari* from the Court of Civil Appeals to the Supreme Court.

C. L. MARSILLIOT and A. H. MURRAY, for plaintiffs.

RANDOLPH & RANDOLPH, for defendant,

Mr. Justice Lansden delivered the opinion of the Court.

This case is before us upon petition of the defendant, Swepston, for writs of *certiorari* to the judgment of the court of civil appeals. The only question for determination is whether the cause of action asserted by the declaration against the defendant is local or transitory.

A brief statement of the case made in the declaration is that the plaintiffs bought a boundary of timber in Crittenden county, Ark., from one Maudlin. The contract of purchase gave the plaintiffs five years in which to cut and remove the timber, and also granted to them a right of way over adjacent lands of Maudlin, for the purpose of hauling the timber, when cut, over Maudlin's lands to the railroad. The plaintiffs entered into the possession of the land and cut and manufactured timber under their contract for about one year, when Maudlin leased the lands over which plaintiffs had acquired the right of way to the defendant, Swepston. Maudlin did not expressly reserve plaintiffs' right of way in his contract with Swepston, but Swepston knew of plaintiffs' rights in the premises at the time he made his contract of lease. Soon after acquiring the leasehold estate from Maudlin, Swepston obstructed the roadway over which plaintiffs had the easement, and by threats of violence maintained the obstruction and prevented plaintiffs from using the right of way. As a result of this interference upon the part of Swepston, the plaintiffs were unable to cut and remove the timber purchased from

Maudlin. They defaulted in the performance of certain contracts for delivery of the timber, made after the purchase from Maudlin, and as a result of which they were forced into bankruptcy. They allege that they are damaged $4,000 in the loss of the timber and the breach of contracts, and $3,500 resulting from a sacrifice sale of their milling plant in the bankruptcy proceedings.

Swepston was found in Shelby county and sued there upon the foregoing facts. He interposed a plea that the cause of action was local and the venue was in Crittenden county, Ark., and not in Shelby county, Tenn. This plea was sustained by the trial judge and the suit dismissed, and his judgment was reversed by the court of civil appeals and the case remanded for further proceedings.

We think the court of civil appeals was manifestly correct in its holding. A great variety of definitions of a cause of action may be found in the unreported cases. It is stated in volume 1 of the American & English Encyclopedia of Law & Practice, at page 1010, that the most accurate definition of cause of action is the one which identifies the cause of action with the defendant's delict or wrong, and many cases are cited in the notes to the text to support the definition; but it is stated in volume 1 of the A. & E. Encyclopedia of Pleading & Practice, at page 106, that a cause of action is generally held to be a union of the right of the plaintiff and its infringement by the defendant, and many cases are cited in the notes to the text to support the statement.

It may be safely said that no attempt so far to give an accurate definition of the term so as to meet the exigencies of all cases which may arise has been successfully made, and, indeed, such a general and inflexible definition could serve no particular purpose, and should not be attempted. With this qualification, it may be stated generally that the cause of action includes all the facts which together constitute the plaintiffs' right, to maintain the action. This definition has the approval of such eminent authority as Mr. Justice Cooley in *Post* v. *Campau,* 42 Mich., 96, 3 N. W., 272, and Mr. Justice Johnson in *Marquat* v. *Marquat,* 12 N. Y., 341. Mr. Pomeroy, in his work on Remedies, gives substantially the same definition at section 521.

A true statement of the test between a local and a transitory action is whether the injury is done to a subject-matter which, in its nature, could not arise beyond the locality of its situation, in contradistinction to the subject causing the injury. The Supreme Court of Maryland, in *Gunther* v. *Dranbauer,* 86 Md., 1, 38 Atl., 33, has stated the test as follows:

"There must be a test by which it may be determined whether a particular cause of action sounding in damages is local or transitory; and an unerring one inheres in the nature of the subject of the injury as differing from the means whereby and the mere place at which the injury was inflicted. If the subject of the injury be real estate, or an easement, such as a right of way, whether private or public, obviously the action must be local, for the reason that the injury to that particular

real estate or easement could not possibly have arisen anywhere else than where the thing injured was actually situated. But if the subject of the injury be an individual, then an injury to that individual's person, no matter by what means occasioned or where inflicted, is essentially an injury to a subject not having a fixed, stationary, immovable location; and an action to recover damages therefor would necessarily be transitory."

The most typical illustration of a local action is an injury to real estate, and of a transitory action an injury to the person. An easement of way is an interest in land. *Nunnelly* v. *Iron Co.*, 94 Tenn., 413, 29 S. W., 361, 28 L. R. A., 421; *Long* v. *Mayberry*, 96 Tenn., 378, 36 S. W., 1040. The wrong of the defendant which conferred a corresponding right upon plaintiffs was the obstruction of the way over which plaintiffs had the right to travel. But plaintiffs' right to use the way does not arise in privity of title with Maudlin, but it exists in privity of contract alone. The easement claimed by plaintiffs does not exist separately from their right to remove the timber purchased of Maudlin. It is merely an appurtenance to the right to cut and remove the timber and place it upon the market. A thing appurtenant is "a thing used with and related to or dependent upon another thing more worthy, and agreeing in its nature and quality with the thing whereunto it is appendant or appurtenant." 3 Washburn's Real Property, 336; *Lucas* v. *Bishop*, 15 Lea, 167, 52 Am. Rep., 364, note; 4 Am. & Eng. Ency. of Law & Pr., 1237.

In this view, the tortious conduct of defendant in forcibly preventing the plaintiffs from enjoying the easement of way purchased of Maudlin is an injury to the business of plaintiffs, because their easement of way cannot exist separately from the purchase, manufacture, and sale of the timber. While it is true that the right of way which the plaintiffs aver over the lands of Maudlin is an interest in the lands, it does not necessarily follow from this postulate that the conduct of the defendant in preventing the use of the way was an an injury to the land. The right of way is an incorporeal hereditament which, while appurtenant to the land, does not exist as a separate right of the plaintiffs. It, of course, cannot have existence separate from the land, but the right itself may exist in the plaintiffs by a contract which does not confer upon them any privity in title with Maudlin to the land, so as to localize the cause of action for a wrongful interference with its use. The plaintiffs' cause of action consists, not alone of the wrongful conduct of defendant, but it also embraces the rights of plaintiffs, acquired under the contract with Maudlin, to cut the timber and haul it to market over Maudlin's lands; and based upon these rights are the contracts which plaintiffs made for the sale of the timber, and which were destroyed by the misconduct of the defendant. These facts must be taken together as composing the entire rights of the parties, in order to determine whether the cause of action is local or transitory.

It is well settled that, where an action on covenant broken is founded on privity of contract between the parties, it is transitory; but, where it is on privity of estate, it is local (*State* v. *District Court,* 94 Minn., 370, 102 N. W., 869, 3 Ann. Cas., 726, and cases cited), because the latter covenants run with the land and the former do not.

This case is very different from a case of injury to real estate. It is also different from a case of injury to an easement of way existing separately and not appurtenant to the main thing to which the injury is done through it as an instrumentality. It would be a refinement beyond the point of practical justice to hold that the injury which plaintiffs have suffered was an injury to real estate in Arkansas, for which they must bring their suit there. The defendant by his personal act injured the plaintiffs' business, although he adopted as a means of doing so the obstruction of a road on Maudlin's land. This road did not belong to the plaintiffs, and their right to use it is not founded on privity of estate with Maudlin, but is founded solely upon contract. The main thing of the contract out of which the right grows is not the easement, but is the timber and the right to remove it and place it upon the market for sale.

The court of civil appeals is affirmed.