## R. M. HALL *v.* SOUTHHALL BROS. & CARL.

### (*Nashville.* December Term, 1921.)

1. **VENUE.** Action for damages to real estate is a local action.

An action for damages for injury to real estate is a "local action," and must be brought in the county where the land lies. (*Post.* pp. 131-133.)

Cases cited and approved: Nashville v. Webb, 114 Tenn., 432; Board of Directors v. Bodkin Bros., 108 Tenn., 700.

Cases cited and distinguished: Mattix v. Swepston, 127 Tenn., 693; Gunther v. Dranbauer, 86 Md., 1.

2. **ABATEMENT AND REVIVAL.** Pendency of action in court having no jurisdiction not bar to action in proper county.

Where an action was for injury to real estate in Hickman county, the pendency of an action in Williamson county, where the court was without jurisdiction, and a judgment rendered would have been void, was no bar to an action in Hickman county. (*Post, p* 133, 134.)

---

### FROM HICKMAN.

---

Appeal from the Circuit Court of Hickman County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. HON. W. L. COOK, Judge.

R. H. CROCKETT, for plaintiff.

T. F. T. HENDERSON, P. E. COX and McCORKLE & WHITE, for defendants.

MR. JUSTICE HALL delivered the opinion of the Court.

Petitions for writs of *certiorari* have been filed by R. M. Hall challenging the correctness of two judgments rendered against him in favor of Southhall Bros. & Carl in two separate suits.

One of these judgments was rendered by the circuit court of Williamson county, and the other by the circuit court of Hickman county, and both of said judgments were affirmed by the court of civil appeals, where said cases were heard together and determined in a single opinion, and will likewise be disposed of in this court.

On March 9, 1920, R. M. Hall, who will hereinafter be referred to as the plaintiff, sued M. W. and W. A. Southhall and J. L. Carl (residents of Williamson county, Tenn.), as partners doing business under the firm name of Southhall Bros. & Carl, in the circuit court of Williamson county, to recover damages of them for the alleged negligent and wrongful burning and destruction of certain property belonging to the plaintiff consisting of two frame or wooden barns, and certain personal property stored therein, situated on his farm in Hickman county, Tenn., while operating a steam corn sheller, and were engaged in shelling and sacking corn for plaintiff at a certain stipulated sum per bushel. The grounds of recovery are specifically averred in the plaintiff's declaration, but it is unnecessary to herein set them out in the determination of the questions presented by the petitions, assignments of error, and briefs.

On April 11, 1920, defendants moved the court to dismiss plaintiff's suit upon the ground that the declaration showed on its face that the suit was one for injury or damage to real estate situated in Hickman county, and that

therefore the circuit court of Williamson county had no jurisdiction to entertain said suit.

This motion was heard by Hon. E. F. Langford, circuit judge, sitting by interchange with Judge Hobbs, the regular circuit judge, who sustained said motion and dismissed said suit at the cost of plaintiff. To this action of the circuit judge plaintiff excepted, and appealed in the nature of a writ of error to the court of civil appeals.

Immediately thereafter, and within three years from the date of the fire, plaintiff instituted another suit for damages on the same cause of action against the same parties in the circuit court of Hickman county.

To this suit defendants entered a plea pleading the pendency of the first suit instituted in the circuit court of Williamson county, which was then pending on the plaintiff's appeal to the court of civil appeals, and prayed that the Hickman county suit be abated.

Plaintiff moved to strike this plea on the ground that it was insufficient and did not tender a material issue.

This motion was overruled by the circuit judge, and the plea of defendants was sustained, and plaintiff's suit abated.

To this action of the court plaintiff excepted and appealed in the nature of a writ of error to the court of civil appeals. In that court plaintiff seasonably assigned errors upon the judgments of the circuit court in both cases. That court, however, as before stated, affirmed both judgments, and the cases are now before this court for review.

We will dispose of the contentions made by plaintiff in the Williamson county case first in this opinion. The question presented in that case is: Was the plaintiff's right of action local or transitory?

In *Mattix* v. *Swepston*, 127 Tenn., 693, 155 S. W., 928, this court said:

"A true statement of the test between a local and a transitory action is whether the injury is done to a subject-matter which, in its nature, could not arise beyond the locality of its situation, in contradistinction to the subject causing the injury."

The supreme court of Maryland, in *Gunther v. Dranbauer*, 86 Md., 1, 38 Atl., 33, has stated the test as follows:

"There must be a test by which it may be determined whether a particular cause of action sounding in damages is local or transitory; and an unerring one inheres in the nature of the subject of the injury as differing from the means whereby and the mere place at which the injury was inflicted. If the subject of the injury be real estate or an easement such as a right of way, whether private or public, obviously the action must be local, for the reason that the injury to that particular real estate or easement could not possibly have arisen anywhere else than where the thing injured was actually situated. But, if the subject of the injury be an individual, then an injury to that individual's person, no matter by what means occasioned or where inflicted, is essentially an injury to a subject not having a fixed, stationary, immovable location; and an action to recover damages therefor would necessarily be transitory."

The most apt illustration of a local action is an injury to real estate, and of a transitory action an injury to the person. *Mattix v. Swepston*, supra.

In R. C. L., vol. 27, p. 795, section 16, it is said: "It is generally held that actions for the recovery of damages for injury to realty are local in character, and must be brought in the court of the county wherein the land lies.

This doctrine has been opposed and deplored by many jurists, but it is none the less firmly established."

In the footnote to this text many cases are cited to support it.

In *Nashville* v. *Webb,* 114 Tenn., 432, 85 S. W., 404, 4 Ann. Cas., 1169, it was held by this court that an action against a municipal corporation is local and that a judgment rendered against it in a county other than that of its location is void. It was further held in that case that section 4517 of Shannon's Code providing, "If action be brought in the wrong county, it may be prosecuted to a termination, unless abated by plea of defendant," could have no application to a local action brought in the wrong county; and this for the reason that the courts of neither county would have no jurisdiction of such a suit, and consent itself could not give jurisdiction.

To the same effect was the rule announced by this court in *Board of Directors* v. *Bodkin Bros.,* 108 Tenn., 700, 69 S. W., 270.

We are of the opinion that the action in the instant case, involving as it does damages for injury to real estate, was local, and could not be brought in Williamson county. The writ in that case is therefore denied.

We now come to the contention made by plaintiff in the Hickman county suit. We are of the opinion that the court of civil appeals committed error in affirming the judgment of the circuit court dismissing the plaintiff's suit in that case upon the ground of the pendency of the Williamson county suit. We think this is true for the reason that the Williamson county circuit court was wholly without jurisdiction to entertain the action, and if a judgment had been rendered in favor of plaintiff in that suit it would have

been void under the holding of this court in *Nashville* v. *Webb* and *Board of Directors* v. *Bodkin Bros.*, supra.

In 1 R. C. L., p., 15, section 6, it is said: "The pendency of an action in a court having no jurisdiction in the premises will not operate to abate another action in a proper court, for the same cause or relief and between the same parties."

In 1 Corpus Juris, p. 89, section 128, it is said: "The principle that the pendency of an action is ground for abatement of a subsequent action between the same parties for the same cause is not applicable where it is obvious that the court in which the first suit was brought and is pending has no jurisdiction of the subject-matter or action, so that any judgment rendered by it would be absolutely void."

Many cases are cited in the footnote to the text supporting the rule announced.

It results, therefore, that the writ will be granted in the Hickman county case, and the judgment of the circuit court and the court of civil appeals will be reversed, and the case remanded to the circuit court of Hickman county for further proceedings.

The plaintiff will be taxed with the costs of the Williamson county suit, and defendants will be taxed with the costs of the appeal in the Hickman county suit.