SILVER SPRING TITLE COMPANY,
INC. *v*. CHADWICK, Trustee

[No. 117, October Term, 1956.]

*Decided May 3, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Vivian V. Simpson,* with whom were *Joseph B. Simpson, Jr.,* and *Simpson & Simpson* on the brief, for the appellant.

*Robert W. Beall* for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Montgomery County dismissing the bill of complaint filed by the appellant, Silver Spring Title Company, Inc. ("Title Company"), against the appellee, George A. Chadwick, Jr., Trustee, ("Chadwick"). The bill sought to force the appellee to release a certain deed of trust.

The appellant, as agent for two builders, prepared for them two deeds of trust and two deed of trust notes in order to procure two construction loans of $5,000 each. A separate piece of property was to be pledged as security for each of said loans. The terms of the notes and the deeds of trust were identical. Each note was made payable to the order of Moore & Hill Company and each stated that the trustees were William A. Hill ("Hill") and George A. Chadwick, Jr. The deeds of trust each named Hill and Chadwick as trustees. The notes and deeds of trust were duly signed and executed and the deeds of trust were recorded in October, 1949. The notes were assigned to Chadwick and sent to him. Thereafter, in March, 1950, when construction was completed on one of the encumbered lots, the appellant telephoned Moore

& Hill Company, payee of the notes, to ascertain the amount of payment required to cancel one of the notes and get a release of one of the deeds of trust. The appellant drew its check in the required amount, payable to Moore & Hill Company, and sent it to them with a deed of release to be executed by Hill and Chadwick, Trustees. This payment was passed on to Chadwick who had possession of the note. In due course the cancelled note and duly executed deed of release were returned to the appellant. The cancelled note was endorsed:

"PAY TO ORDER OF
WITHOUT RECOURSE TO ME

Moore & Hill Co.
By Wm. A. Hill

Proceeds placed to credit of George A. Chadwick, Jr., Attorney for holder of Note.

Moore & Hill Co.
By Wm. A. Hill."

In December, 1950, the appellant sought to cancel the outstanding note and obtain a release of the remaining deed of trust. Substantially the same procedure was followed by the appellant except that two checks instead of one were sent to Moore & Hill Company. These checks were deposited to the account of Moore & Hill Company but the proceeds were never paid to the holder of the note, Chadwick. Thereafter, the appellant learned that Hill had died and that Chadwick refused to execute a release of the deed of trust. Moore & Hill Company was a sole proprietorship of William A. Hill and does not have sufficient assets to refund appellant's payments.

The question is, who should bear the loss when the agent of the borrower (Title Company) pays the debt to someone other than the holder of the note? The appellant claims that Moore & Hill Company was acting as agent for Chadwick in receiving the money on these loans. This claim of agency is based upon the fact that the previous note had been paid

off in an identical manner and Chadwick had executed the necessary deed of release.

The notes used in these transactions were negotiable (*Le-Brun v. Prosise,* 197 Md. 466, 79 A. 2d 543), and of such a character that they could and quite possibly would be negotiated and passed on into the hands of a third party. No effort was made by the appellant to discover the actual holder thereof and payment was made to Moore & Hill Company in spite of appellant's knowledge that the previous note had been negotiated to a third party. This previous note was clearly endorsed to show crediting of the proceeds to Chadwick as Attorney for the holder of the note. While it is true that Chadwick did not object to the payment of the previous note to Moore & Hill Company, there is no evidence that he ever authorized Moore & Hill Company to accept payment for the same. Chadwick's conduct in this one instance would not be sufficient to lead a reasonably prudent and careful person to believe that Moore & Hill Company were authorized to receive payments on the notes. In *Doeller v. Mtge. Guarantee Co.,* 166 Md. 500, 508, 171 A. 856, (involving the payment of interest on a mortgage to one other than the person entitled) this Court said: "Under the terms of the mortgage, the interest was payable to Doeller on September 16th, and the fact that the mortgagor paid it to some other person for Doeller on that day in the belief that such payment was authorized by Doeller would not excuse its failure to pay it to Doeller on that day, if in fact such payment was not authorized by her, or unless Doeller by her conduct had led the mortgagor, as a reasonably prudent and careful person, to believe that it was so authorized."

It has long been recognized in this State that when a maker of a note pays the debt to someone who does not have possession of the note, such payment is no defense to an action by the holder of the note. *Dunham v. Clogg,* 30 Md. 284.

The case of *Hoffacker v. Manf'rs Nat'l Bank of Baltimore* (not reported in the State Reports), 23 A. 579, involved a foreclosure of a mortgage when the two notes there given were paid to someone other than the holder. This Court said: "It was Hoffacker's own negligence that he paid the

notes to Crowl without requiring them to be surrendered to him. He placed his confidence in his own attorney, and he ought not to hold the bank responsible for the consequences of his misplaced confidence. * * * It is the business of the debtor to seek the creditor and pay his debts when they are due. * * * These notes were negotiable in form, being payable to the order of Crowl. Hoffacker knew that Crowl had it in his power to convey a perfect title to them by negotiating them before maturity, and the most ordinary prudence would have suggested that he should not have paid them to Crowl without obtaining possession of them."

The type of notes and deeds of trust in the present case is generally used in Virginia, West Virginia and the District of Columbia and also, in this State, in Montgomery and Prince George's Counties. *LeBrun v. Prosise, supra.* In the leading case of *Davis v. Casey,* 103 F. 2d 529, the U. S. Court of Appeals for the District of Columbia reached a result similar to that in the *Hoffacker Case, supra.*

The appellant, in his brief and oral argument, raises for the first time a question as to whether Chadwick was a *bona fide* holder. He contends that Chadwick got the note before the money was actually put up for the construction loan. On the other hand he admits the money was actually put up. In accordance with our former Appeals Rule 9 (now Rule 885 of the Maryland Rules) we shall not pass on this question, as it is not properly before us. Even if it were, appellant's admissions strongly suggest that this contention is without merit.

*Decree affirmed, with costs.*