Craig v. McKnight.

CRAIG v. McKNIGHT.

(*Jackson.*    May  24,  1902.)

1. CHANCERY PLEADINGS.  *Material defendant.*

The principal obligor is a material defendant to a bill brought
by his surety on a bond to obtain its surrender and cancella-
tion on the ground that the surety was induced to sign it by
the fraudulent representations of the principal obligor and the
obligees therein.  And such suit can be maintained in the
jurisdiction where the principal obligor resides against him
and the obligees, although the latter reside outside that juris-
diction.

Cases cited: Birdsong *v.* Birdsong, 2 Head, 290; Jackson *v.* Tier-
nan, 10 Yer., 175; Simonton *v.* Porter, 1 Bax., 215.

2. RESCISSION.  *Action for, not premature, when.*

An action for rescission and cancellation of a bond on the ground
of fraud practiced in its procument is not prematurely brought
by the obligor, although the obligee has never sought to
enforce it by suit.

FROM  CROCKETT.

Appeal  from  the  Chancery  Court  of  Crockett
County.  A.  G.  HAWKINS,  Ch.

W.  W.  CRAIG  for  Craig.

DRAPER  &  RICE  and  C.  A.  GOODLOE  for  Mc-
Knight.

BEARD, J. This appeal brings up for review the decree of the Chancellor in overruling the demurrer of the Stevens Lumber Company (composed of George Scott and his associates) to the bill of complainant. The suit was instituted in the Chancery Court of Crockett County, within whose local jurisdiction the defendant, McKnight, lives, and was served with process. A counterpart subpœna was issued to Dyer County, where the other defendants resided, and was there served on them. One of the grounds of the demurrer is that McKnight was not a material defendant, and that being so, as to the demurrants, his co-defendants, the Chancery Court of Crockett County was without jurisdiction.

The averments of the bill, so far as they affect the question thus raised, are that complainant is a joint obligor with defendant, McKnight, in a bond to Scott and his associates, doing business in the name of the Stevens Lumber Company, by the terms of which they agree to indemnify their obligees against any loss that may occur to them by reason of failure in the title to certain land sold by Mc-Knight to them; that McKnight and these obligees misrepresented the terms and conditions of this bond to complainant, and by fraud and imposition obtained his signature to it; that the title to the land covered and guaranteed by this bond is now in litigation; that McKnight and the members of the Stevens Lumber Company claim that complainant is liable on this bond, and is bound in the result of

the loss of any part of this land to indemnify the obligees to the extent of the value of this loss. The complainant thereupon asked that the Stevens Lumber Company be required to deliver up this bond, and that there be a decree of cancellation so far as he was concerned. On these averments arises the question, Is McKnight a material defendant to this suit?

It is a rule of Courts of Equity, and their constant aim, to do complete justice by deciding on and settling the rights of all persons interested in the subject-matter of litigation, ''so that the performance of the decree of the Court may be perfectly safe to those who are compelled to obey it, and also that future litigation may be prevented, and hence all persons materially interested, either legally or beneficially, in the subject-matter of the suit are to be made parties, so there may be a complete decree which will bind them all.'' Story's Eq. Pl., Sec. 72.

Many illustrations of this rule are given by Judge Story in the work from which this extract has been made. Among them is that of a bill filed by the holder of a bond executed by the ancestor, which in terms binds the heir, to reach land descended, to satisfy the bond. As the heir, after the land was subjected, could file a bill against the executor or administrator to be reimbursed out of the personal assets, both the heir and the personal rep-

resentative should be joined in the same bill, so as to do justice to all parties. *Id.*, Sec. 74.

So, in Section 85 of this work, it is said that upon the authority of *Raveroy* v. *Grayson*, that where the bail of the judgment debtor brings a bill to stay the proceedings against them by the creditor, upon the alleged fraudulent conduct of the latter, their principal is a necessary party, likening the case to a suit brought by sureties, who cannot be relieved as against the obligee of a bond, without bringing the obligor before the Court.

Again, in Section 159, the learned author restates the rule in the following words: "In cases of joint obligations and contracts, and joint claims, duties and liabilities, the rule is that all the joint owners, joint contractors, and other persons having a community of interest in duties, claims, or liabilities, who may be affected by the decree are necessary parties."

It is true our statute makes obligations joint and several, so that now all the parties liable in such obligations are not now, in many cases, necessary parties, yet they are none the less proper parties, having, as joint obligors, a *material* interest in the subject-matter of the controversy. So it is, this statutory change does not alter or qualify the underlying principle upon which the rule rests.

While the general rule, requiring all persons in interest to be made parties to the suit, is, as is said in *Birdsong* v. *Birdsong*, 2 Head, 290, in most

cases, in some sense rather a rule of discretion in the courts of equity than of right of the litigants, yet the reason for its existence is found in the anxiety of the courts to do justice among all the parties having an interest in the subject-matter or object of the suit, whether that interest be mediate or immediate, present or future, for the purpose of preventing future controversy and litigation." And in *Jackson* v. *Tiernan,* 10 Yer., 175, and in *Simonton* v. *Porter,* 1 Bax., 215, it is said that one . . . who could be gainer or loser by the result, or against or in favor of whom a decree might be rendered, is a material defendant. Now, in view of this general rule of equity practice, and the reason for its existence, the question recurs, is McKnight a material defendant to this suit? That he is, we think will be clear from one or two hypothetical cases which may be put. If complainant can maintain his claim that he was induced to sign this bond by the fraudulent representations of his co-obligor and of the Stevens Lumber Company, then this would leave McKnight alone responsible on it, while if he fails, then McKnight, in the event of ultimate liability, can look to the complainant for contribution. In either of these contingencies, whether a loser in the one or a gainer in the other, he is interested in the controversy and therefore a material defendant.

Again, if complainant had been content to file his bill alone against the Stevens Lumber Company, and

secured a decree releasing him from liability on the bond, and then in an independent action, this company should succeed in holding McKnight, he, not being affected by the result of the first litigation, could sue Craig for contribution and force him into a controversy over the same issues, settled in his favor in the other decrees. Bringing, however, as is done in this case, the obligee and his co-obligor together, a decree can be pronounced settling the rights of all the parties and thus save a multiplicity of suits. The Chancellor entertained this view, and in it we concur. But the demurrants further insisted that this suit was premature, as the obligees had not brought suit on the bond. The reply made to this by the complainant is, that these obligees cannot complain because complainant is unwilling to sit still, with this apparent liability hanging over him as a continuing menace and await their convenience or pleasure in bringing this matter to issue. If enforced it would subject him to a possible heavy loss, and it is well contended by complainant that he cannot be compelled to wait an indefinite time for a movement of those obligees, during the lapse of which his witnesses may die or disappear, thus reducing his ability to successfully defend, or he may himself die and leave to his representatives an unsettled controversy which could have been more intelligently managed by himself while living. We think this is a full answer to the insistence of the demurrants on this point, and that

if complainant was made the victim of fraudulent representation, as is averred in his bill, he has the right to call upon a Court of Equity to relieve him without further delay.    Bingham's Principles Equity, Section 568.

The decree of the Chancellor is therefore affirmed, and the cause is remanded for further proceedings.