E. L. CHAMBERS *v.* SANFORD AND TREADWAY.*

(*Knoxville.* September Term, 1926.)

Opinion filed November 20, 1926.

1. **WORKMEN'S COMPENSATION ACT. Venue. Law court, Johnson City.**

The provisions of the Compensation Act (Acts 1919, ch. 123), coupled with the provisions of chapter 4, Acts of 1891, creating the law court of Johnson City, clothed that court with jurisdiction in cases arising under said Act. (Post, p. 136.)

Citing: Acts 1919, ch. 123; Acts 1891, ch. 4.

2. **SAME. Nature of Action. Transitory. Venue.**

Actions arising under said Act cannot be classified as in either tort or contract, but without regard to classification they are personal, not local, and are inherently transitory. The territorial jurisdiction must be controlled by the laws which generally regulate venue. The provisions of the Act touching venue, (sec. 32) authorizing a suit in the county in which petitioner resides, or in which alleged accident happens, are not exclusive. (Post, p. 137.)

Citing and distinguishing from Hall v. Southhall, 146 Tenn., 129;

Citing Compensation Act, Acts 1919, ch. 123, sec. 32; Shannon's Code, sections 4513, 4516, 4542.

3. **COURT. Pleading and Practice. Jurisdiction over subject-matters.**

Jurisdiction of the subject-matter relates to the right of the court to adjudicate, or to make an award through the remedies provided by law upon facts proved, or admitted, in favor of, or against, persons who are brought before the court under sanction of law. (Post, p. 137.)

4. **SAME. Same. Same. Effect of appearance.**

Jurisdiction of the subject-matter is not waived by appearance and may be taken advantage of at any stage, for in such cases, the judgment would be **coram non judice.** (Post, p. 138.)

5. **SAME. Same. Same. Plea in abatement. Motion.**

A plea in abatement is proper to raise the question of local juris-
diction; but a practice has arisen which authorizes a motion to
dismiss for defects apparent which the record discloses. (Post, p.
138.)

Cases cited: Caruthers History of a Lawsuit, 169; Parker v. Porter,
4 Yerk., 82; Bryan v. Railroad, 119 Tenn., 354.

6. **SAME. Same. Jurisdiction of the person. Effect of appear-
ance.**

Jurisdiction of the person, that is, where the court is called to act
upon the person, and where process may run to any county
in the State, is regarded as formal or modal, and the right to
object to the locality of trial is a personal privilege which the
party may waive and thereby confer jurisdiction. (Post, p. 138.)

Cases cited: Agee v. DeMent, 1 Hump. 332; Glass v. Stewart, 10
Hump. 453; Bank v. Foster, 90 Tenn., 735.

---

*Headnotes 1. Workmen's Compensation Acts, C. J., section 133;
2. Courts, 15 C. J., section 39; Workmen's Compensation Acts,
C. J., section 133 (Anno.); 3. Courts, 15 C. J., sections 35, (Anno.),
164, 166; 4. Courts, 15 C. J., sections 82, 162; 5. Appearances, 4
C. J., section 32 (Anno.); 6. Courts, 15 C. J., section 144; Dismissal
and Nonsuit, 18 C. J., section 94. 7. Workmen's Compensation Acts,
C. J., section 133 (Anno.); 8. Workmen's Compensation Acts,
C. J., section 133 (Anno.).

---

### FROM WASHINGTON.

Appeal from the Law Court of Johnson City.—HON.
D. A. VINES, Judge.

Cox & TAYLOR and EPPS & EPPS, for plaintiff in error.

MILLER, DEPEW & LEE, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The petition was filed against the defendants, who had an office and a place of business in Johnson City, in the law court at Johnson City, to enforce payment under the Workmen's Compensation Act. The petitioner recites that he is a citizen and resident of Carter county and was injured in course of employment while at work for the defendants in Carter county. These facts appeared on the face of the petition. The defendants moved to dismiss for the want of jurisdiction, and the motion was sustained upon authority of *Harr* v. *Booher,* 146 Tenn., 694. Through assignments of error the petitioner insists that the action is transitory, and under Statutes regulating venue may be brought in the county where defendants reside or where they have an office or agency.

Chapter 4, Acts of 1891, creating the law court of Johnson City established it a court of the First Judicial Circuit, presided over by the judge of the circuit and clothed him with authority to exercise all the powers and perform all the duties conferred by law upon circuit judges of this State. The Act gave the court general jurisdiction over civil actions cognizable in the circuit court. Section 32 of the Compensation Act provides:

"That in case of a dispute over or failure to agree upon compensation under this Act between the employer and employee or the dependents of the employee, either party may submit the entire matter for determination to the Judge or Chairman of the county court in which the accident occurred, and such judge or chairman is hereby vested with jurisdiction to hear and determine the issues and render judgment and enfore the same in the same manner as courts of record render and enforce judgment." . . .

"The party filing the petition may, at his option, instead of filing the same before the county judge or chairman, file the same as an original petition in either the circuit, criminal, or chancery court of the county in which petitioner resides or in which the alleged accident happens, in which event summons shall be issued by the clerk of the court in which the proceeding is instituted, and shall be returned before said court within the time provided for proceedings before a county judge or county chairman. The issue shall be made in the same manner and the presiding judge shall proceed to hear the case as provided in case of appeal from the county judge or chairman."

This provision of the Compensation Act, coupled with the provisions of Chapter 4, Acts of 1891, clothed the law court of Johnson City with jurisdiction in cases arising under the Compensation Act. These actions cannot be classified as in either tort or contract, but without regard to classification they are personal, not local and are inherently transitory. *Hall* v. *Southhall Bros.*, 146 Tenn., 129; and if venue is not restricted to locality by the Compensation Act which creates the right and provides the remedy, the territorial jurisdiction must be controlled by the laws which generally regulate venue.

The distinction between jurisdiction over the subject-matter and jurisdiction of the person was not recognized in *Harr* v. *Booher,* supra. Jurisdiction of the subject-matter relates to the right of the court to adjudicate or to make an award through the remedies provided by law upon facts proved, or admitted, in favor of or against persons who present them or who are brought before the court under sanction of law. Jurisdiction of the subject-

matter is not waived by appearance and may be taken advantage of at any stage of the proceeding, for in such cases the judgment would be *coram non judice.* *Harmon* v. *Tyler,* 112 Tenn., 8; *Board of Directors* v. *Bodkin Brs.,* 108 Tenn., 713; *Baker* v. *Mitchel,* 105 Tenn., 610; *In Re Lumber & Mfg. Co.,* 141 Tenn., 329.

Jurisdiction of the person, that is where the court is called upon to act upon the person, and where the process may run to any county in the State, is regarded as formal or modal, and the right to object to the locality of trial is a personal privilege which the party may waive and thereby confer jurisdiction. *Agee* v. *DeMent,* 1 Hump., 332; *Glass* v. *Stewart,* 10 Hump., 453; *Bank* v. *Foster,* 90 Tenn., 735.

The inclusion by the defendants in their written motion to dismiss for want of jurisdiction of the reference to the relative liability of the principal, intermediate or sub-contractors, and their denial that, that section applies to them under the facts, cannot be considered as a defense to the action and would not amount to a general appearance and a submission to the local jurisdiction of the court.

There is no merit in the insistence that the defendants entered a general appearance, nor is there merit in the contention that the question of local jurisdiction could not be raised by motion to dismiss. In strict practice a plea in abatement was proper, but a practice has arisen founded upon good reason which authorizes a motion to dismiss for defects apparent on the face of the record. In such case the court needs no plea to bring to its knowledge the defects which the record itself discloses. Ca-

ruthers History of Law Suit, 169.; *Parker* v. *Porter*, 4 Yerg., 82; *Bryan* v. *Railroad*, 119 Tenn., 354.

These contentions, however, are immaterial because the law court of Johnson City had jurisdiction of the subject-matter, and if it could obtain jurisdiction of the person of defendants, would be authorized to adjudicate the questions presented.

When the Compensation Law, chapter 123, Acts of 1919, was passed then existing Statutes localized transitory actions to the county where the defendant was servable with process. See Shannon's Code, sections 4513, 4516, 4542. The law of venue was well defined. Should the provisions of the Compensation Act on the subject of venue be held exclusive, localizing the action to the county where the injury occurred or where the petitioner resides, a direct conflict would result. The employee of a company or a corporation with an office or agency in one county carrying on work in another county, or an individual resident in one county and operating in another county could, under such construction only be sued in the county where the accident occurred or where the petitioner resided. Under such a construction the employee could not bring the proceeding against a foreign corporation having no office or agency or resident director in the county where the petitioner resided or the accident occurred, for section 4542 provides that it shall apply only to cases where the suit is brought in the county where such agency, resident director or office is located. *Green* v. *Snyder*, 114 Tenn., 100.

Sections 4516, 4542 of Shannon's Code, localizes the action against corporations, companies or individuals of the county where they maintain an office or agency. When

the General Assembly enacted the Compensation Law they evidently had in mind the convenience of the parties, and by section 32 of the Act authorized the employee to bring the suit in the county of his residence, or in the county where the accident occurred for the convenience of the parties and witnesses, subject to the rules generally regulating venue. The very language of the Act negatives the idea that its provisions touching venue are exclusive. It provides that the party filing the petition may file it in the circuit court, criminal court or chancery court where he resides or where the accident happens. If other Statutes regulating venue forbid the service of process required to bring the employer before the court of the petitioner's residence, or before the court of the county where the accident occurred, it would follow that the petitioner could go to the locality where the employer could be served with process, and where the rights assured under the Compensation Act could be adjudicated. Reversed and remanded.