BORDEN MILLS, INC., *v.* MANIS.

(*Knoxville*, September Term, 1938.)

Opinion filed November 25, 1938.

WORLEY, HAUK & MINTER, of Kingsport, and SIMMONDS & BOWMAN, of Johnson City, for Borden Mills, Inc.

J. H. CHALKLEY and NELSON SWAN, both of Johnson City, for James Manis.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was brought January 28, 1938, by the *employer*, Borden Mills, under Code, section 6885, to have determined the liability, if any, of the employer for compensation to an employee, James Manis, named in the bill as defendant. It was alleged that following an injury to his back, claimed to have been suffered by this employee August 26, 1937, compensation was, without suit, paid to Manis for a period of ten weeks covering his temporary disability; that this was all to which the employee was entitled; that Manis was, however, upon the filing of this suit, claiming permanent disability resulting from said injury.

It was also charged that Manis refused to submit himself for physical examination by the physicians of the Mills, at the Mills' expense, in order that the facts as to his condition might be ascertained. The complainant prayed that the defendant employee be brought into Court, required to submit to examination and that the rights of the parties be adjudged.

Manis first filed, on the 16th of February, 1938, a plea to the jurisdiction, alleging that he was not a resident of Sullivan County, the residence of the complainant Mills, and where the suit was brought, but that he was a resident of the adjoining County of Hawkins, and that he was not within Sullivan County when the suit was brought.

According to the transcript before us, he next filed an answer *and cross bill*. It next appears that the Chancellor entered an order overruling the plea, filed March 8, 1938, which had been set down, *by the defendant,* "for argument as a matter of law." He remanded the cause to the rules and allowed defendant ten days "in which to file answer and/or cross petition." But, the transscript shows that meanwhile the answer and cross bill of defendant had been "filed March 1, 1938, at 12 M."

In his answer defendant says that he is a resident of Hawkins and not Sullivan County, and then sets out the history of his employment and injury, and alleges that his injury is total, and whether permanent or not is undetermined, and prays for an award of compensation on a basis of total disability for a period of not less than three hundred weeks. Answer was duly filed to this cross bill, one or more depositions were taken, by agreement of counsel, and oral testimony heard by the Chancellor, who held that the disability claimed by the defendant was not caused by the injury received while working for the Borden Mills, and dismissed the cross bill, or petition, on the merits.

No bill of exceptions is in the record, and this finding of the Chancellor on the facts is not sought to be reviewed here. The assignments of error go alone to the action of the Chancellor in overruling the plea in abatement.

A motion to dismiss the appeal is presented for

Borden Mills, pointing out several irregularities in the steps taken for appeal, among others, that exceptions were not properly saved to the action of the Court in overruling the plea in abatement, that no appeal bond was filed, and that no motion for a new trial appears in the record, etc. Conceding that the record is not in altogether unexceptionable condition, most of the grounds of the motion are technical and we have thought it proper to pass upon the question presented by the assignment of errors.

■ In response to these assignments which challenge the action of the trial court in overruling the plea in abatement, it is insisted, (1) that the record shows the plea to have been set down for argument *by the defendant as a matter of law;* and that in this situation it was incumbent upon the defendant to support his plea by proof of the truth of the allegations made therein, that no proof was presented, and that, therefore, the Chancellor's action should be sustained on this ground; and, (2) it is insisted that the defense of lack of jurisdiction of the person raised by the plea, and based on the allegation in the plea that the defendant did not reside in Sullivan County, was waived,—if not by the filing of an answer, then certainly by the filing of a cross bill praying affirmative relief in the nature of an award for compensation, followed by the taking of proof and a full hearing before the Chancellor on the merits of this claim made by the cross bill; and, (3) it is insisted that the plea was not well taken as a matter of law, since the act which provides for the bringing of this particular action in express terms fixes the jurisdiction in the county in which the employer's plant was located and wherein the alleged accident happened and the claim on account thereof arose.

The compensation statute brought into the Code as Section 6885 provides as follows:

"*Failure to agree upon compensation, and submission to court; precedure; appeal to supreme court.*—In case of a dispute over or failure to agree upon compensation under this chapter between the employer and employee or the dependents of the employee *either party* may submit the entire matter for determination *to the judge or chairman of the county court in which the accident occurred,* and *such judge or chairman* is hereby vested with jurisdiction to hear and determine the issues and render judgment and enforce the same in the same manner as courts of record render and enforce judgment. The county judge or chairman shall have the power to subpoena witnesses, administer oaths and punish witnesses for contempt; and in short, he shall have such powers in conducting hearings under this chapter as are possessed by the judges of the circuit courts as courts of general jurisdiction . . . The party filing the petition may, at his option, instead of filing the same before the county judge or chairman, file the same as an original petition in either the circuit, criminal, or chancery court of *the county in which petitioner resides* or *in which the alleged accident happens,* in which event summons shall be issued by the clerk of the court in which the proceeding is instituted, and shall be returned before said court within the time provided for proceedings before a county judge or county chairman. . . . Whenever any matter is brought before the county judge or chairman or before any judge as provided herein, the said county judge or chairman or any judge, may, if he so desires, *visit the scene of the accident and examine the surroundings.*"

We have italicized language which seems clearly to indicate a purpose to fix the local jurisdiction for the bringing of this proceeding in the County in which the accident occurred.

Counsel for Manis, in support of his plea, relies upon our venue statute, particularly Code, section 8640, providing that in all transitory actions the cause of action follows the person of the defendant, "unless otherwise expressly provided." We are of opinion that this is a case within the exception "unless otherwise expressly provided." As has been seen, with respect to this particular and unique proceeding, the statute which provides for it expressly places the jurisdiction in the "county court in which the accident occurred" and it is this judge or chairman who is "vested with jurisdiction to hear and determine the issues." Or, if the party bringing the proceeding elects to file the same in the circuit, criminal or chancery court, the Act expressly provides that it is to be filed in the "court of the county . . . in which the alleged accident happens." This language is so explicit that it leaves nothing for construction and little further need be said.

However, it may be added that no jurisdictional rights have been taken from the employee, in whom alone rests a cause of action for the injury alleged to have been suffered by him while working for his employer, because it is clear that if he seeks redress he must bring his action, and file his petition, in the county of the residence and operation of his employer, or where, if a corporation, the employer has an office, agency or resident director. The bill charged that Borden Mills had no office or agency except in Sullivan County. It results that when this employee is brought into the county where his in-

jury was suffered, and where his employer resides and operates, he is exactly where he would be if and when he should institute an action seeking recovery.

The conclusion announced renders it unnecessary to discuss other issues.

It results that the judgment is affirmed.