FLOWERS *v.* AETNA CASUALTY & SURETY Co. *et al.*

(*Knoxville*, September Term, 1947 (May Session 1948).)

Opinion filed June 12, 1948.

PORTRUM & PORTRUM, of Rogersville, for appellant.

CLYDE W. KEY, of Knoxville, for appellees.

MR. JUSTICE GAILOR delivered the opinion of the Court:

The appeal presents a petition filed under the Workmens's Compensation Act by a widow for the benefit of herself and her minor children, for the wrongful death of her husband, against the Aetna Casualty & Surety Company, the Insurer, and J. A. Jones Construction Company, the Employer. The accident from which the claim arises, happened in Roane County. The Aetna Casualty & Surety Company maintains an office and resident agent in Hawkins County, where petitioner resides, but the Construction Company maintains neither an office nor resident agent in that County, but has an agent authorized to accept service for the Corporation in Knox County. Summons and copy of the petition were served on Lawrence Rolfe as agent for the defendant Aetna Casualty and Surety Company, in Hawkins County, and counterpart summons was served on the authorized agent of the Construction Company in Knox County. Defendants met the petition by plea in abatement, alleging that the accident claimed by Complainant to have resulted in the death of her husband, occurred in Roane County, where the said Edward E. Flowers was regularly employed by the defendant, Jones Construction Company; that at no time has the defendant Construction Company engaged in business in Hawkins County, nor had there any office, director or other person upon whom legal process might lawfully be served.

No objection is made in the plea or elsewhere, to the service had upon Aetna Casualty & Surety Company,

and it is admitted that the Surety Company had an office and resident agent in Hawkins County. The only question presented by the appeal is whether the venue is fixed exclusively in Roane County, where the accident happened, or whether the Chancery Court of Hawkins County had concurrent jurisdiction on account of the fact that Mrs. Flowers, the petitioner, is a resident of Hawkins County. The Chancellor sustained the plea in abatement and dismissed the petition, and the petitioner has perfected her appeal.

Even if the dismissal was correct as to Jones Construction Company, no attack was made by the plea on the service of the Insurer, to justify dismissal of the latter.

Pertinent parts of the Workmen's Compensation Act, Code sec. 6885, are as follows: *"The party filing the petition* may, at his option, instead of filing the same before the County Judge or chairman, file the same as an original petition in either the Circuit, Criminal, or Chancery Court of the *county in which petitioner resides* or in which the alleged accident happens, in which event summons shall be issued by the clerk of the court in which the proceeding is instituted, and shall be returned before said court within the time provided for proceedings before a county judge or county chairman." (Our emphasis.)

And earlier in the same section it is provided: "Said summon shall be served on the defendant as in other civil cases at least ten days before the time the matter is to be heard."

The effect of the statute is to give the party filing the petition, an option to file it either in the county of petitioner's residence or in the county where the accident happened, but a condition attaches to the exercise

of the option, which is, that the defendant must be servable with process in the county where the petition is filed, for only in that way can service be had on defendant "as in other civil cases."

■ Actions under the Workmen's Compensation Act are "inherently transitory." *Chambers* v. *Sanford & Treadway*, 154 Tenn. 134, 137, 289 S. W. 533.

"When the Compensation Law, chapter 123, Acts of 1919, was passed, then existing statutes localized transitory actions to the county where the defendant was servable with process. (Code secs. 8640, 8643 and 8669.)
. . .

"Sections 4516, 4542 of Shannon's Code (8643, 8669, Williams Code) localizes the action against corporations, companies, or individuals of the county where they maintain an office or agency." *ibid.* 154 Tenn. at page 139, 289 S. W. at page 534.

■ In the *Chambers Case*, the Court was dealing with a petition filed by an employee, and expressly declined to follow the argument made here in the plea in abatement. From Judge Cook's opinion in the *Chambers Case* it follows that when, as here, the employee files the petition and the employer is a corporation, the petition may legally be filed (1) in the county of petitioner's residence if service can there be had on the defendant; or (2) in the county where the accident happened, if the defendant is servable there; or (3) in any county of the State where (Code sec. 8669) the defendant maintains an office and an agent for service of process. Our authority for (3) is part of the concluding paragraph of the Chambers opinion, which is: "If other statutes regulating venue forbid the service of process required to bring the employer before the court of the petitioner's residence, or before

the court of the county where the accident occurred, it would follow that the petitioner could go to the locality where the employer could be served with process, and where the rights assured under the Compensation Act could be adjudicated." *ibid.* 154 Tenn. at page 140, 289 S. W. at page 535.

In the *Chambers Case* the Court was dealing with venue as to the employer only, but under the Act, petitioner has the right to sue the Employer and the Insurer jointly and to recover a joint judgment against them. *American Mut. Liability Ins. Co.* v. *Patrick,* 157 Tenn. 618, 11 S. W. (2d) 872. Or petitioner may sue the Insurer alone, and recover a judgment against the Insurer. *Hartford Acc. & Indem. Co.* v. *Hay,* 159 Tenn. 202, 17 S. W. (2d) 904. The right of recovery under the Act is not, therefore, limited by a condition that the employer be a party defendant, and clearly the Insurer is a "material defendant" (*Jackson* v. *Tiernan,* 18 Tenn. 172; *Craig* v. *McKnight,* 108 Tenn. 690, 694, 69 S. W. 322) upon whom service of the original summons may be had with counterpart against the Employer. *Taylor et al.* v. *McCool, et al.,* 183 Tenn. 1, 189 S. W. (2d) 817; Code sec. 8653.

It is an elementary maxim of statutory construction that every word, phrase, clause and sentence of an Act must be given effect to carry out the legislative intent: "A familiar canon of construction requires that effect be given to every clause and part of the statute, thus producing a consistent and harmonious whole." *Finley* v. *Keisling Lbr. Co.,* 162 Tenn. 184, 186, 35 S. W. (2d) 388. Compare: *Shea* v. *Hoffman,* 168 Tenn. 628, at page 629, 80 S. W. (2d) 87.

(7) Here, it is admitted that Mrs. Flowers is a resident of Hawkins County, and that the defendant Surety

Company has an office and agent in that County, and is so subject to service of process in that County. It follows that under the express provision of the Act as interpreted by the cases that we have considered, Mrs. Flowers had a right to file her petition (1) in the county of her residence if one of the defendants was servable in that county, (2) in the county where the accident happened, under the same condition, or (3) in any county where one or both of the defendants had an office and agent.

This decision in no way conflicts with our cases. *Borden Mills, Inc.* v. *Manis*, 173 Tenn. 440, 121 S. W. (2d) 523; *Brown* v. *Stone & Webster Eng. Corp.*, 181 Tenn. 293, 181 S. W. (2d) 148. The situations presented by those cases are readily distinguishable from that before us here. In the *Manis Case*, the Employer filed the petition, so under Code 6885, he had the option to file it in the county of his residence or in the county where the accident happened. Though not servable with process in the county where the petition was filed, the Employee accepted service and filed a cross-bill, giving the Court jurisdiction of his person (Chambers, *supra*). In the *Brown Case*, though the Employee filed the petition, neither the Employer nor the Insurer had an office or agent in Smith County, where petitioner brought the action, nor was there servable with process (Code secs. 8643, 8669). The *Brown Case* merely echoed the rule made in *Redman* v. *DuPont Rayon Co.*, 165 Tenn. 585, 56 S. W. (2d) 737, where Chief Judge GREEN said, approving the *Chambers Case, supra*:

"Generally speaking, therefore, suits against a corporation, except such suits as may be instituted by original attachment, must be brought in a county where the corporation has an office, agency, or resident director.

It is urged, however, that the rule is different in suits brought under the workmen's compensation statute. . . .

"The whole matter comes down to this: With certain exceptions, a transitory action can be brought in any jurisdiction in which the defendant is found. Code, sec. 8640. Such an action, however, cannot be brought, *in personam*, in a jurisdiction in which the defendant is not to be found. A corporation, an artificial person, is not to be found in any jurisdiction or county unless the corporation maintains an office, agency, or resident director in that county." 165 Tenn. at pages 588, 590, 56 S. W. (2d) at page 738.

Finally, we agree with counsel for the Surety Company, that the *maxim forum non conveniens* has no application to the facts of this case.

Reversed and remanded.

All concur.