MILLER *v.* FENTRESS COAL & COKE CO.

*(Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

Rehearing denied July 15, 1950.

Turner & Case, of Jamestown, for plaintiff in error.

Thomas Haile and George B. Haile, both of Cookeville, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a Workmen's Compensation case in which the trial judge rendered judgment in favor of petitioner, Lawrence Miller, against defendant, Fentress Coal & Coke Company, for $20 per week for a period of 400 weeks, less a credit of approximately $480, this sum having been paid by defendant.

On September 8, 1949, petitioner was injured while working for defendant and operating what is known as a shuttle car in its coal mine. While so operating this car, it ran over something on the track and threw petitioner up against the top of the mine and dragged him back over the car, and he suffered a broken collarbone, bone broken in his neck, six vertebrae of his spine were broken, and the nerves and muscles torn loose in his left shoulder. Petitioner was sent to a hospital in Monterey, and was later sent to St. Thomas Hospital in Nashville, where he was attended by Drs. Bradley and Meachum. After petitioner returned home from St. Thomas Hospital, he remained in bed a considerable length of time suffering from the injuries received, and still suffers from them.

Later, petitioner accepted a light job with defendant on the outside of the mine, and his duties were picking sulphur and other minor duties. The proof shows that petitioner could use only one hand, and continuously suffered pain and discomfort. From the time of petitioner's first injuries up to the time of his re-employment, defendant paid him approximately the sum of $480. The proof shows that petitioner was forced to abandon his light job, from which time the defendant refused to pay him any further compensation.

It appears from the record that at the time of the first injuries petitioner was receiving something over $14 per day, or about $60 per week, and that in doing the light work after the first injuries he received something over $13 per day. It further appears that petitioner finished only the eighth grade in school, was not a skilled laborer, and had never done any work other than that of a miner.

We find material evidence to support the finding of the trial judge that petitioner suffered permanent

partial disability. The proof shows that from the time of petitioner's first injuries up to the time he accepted a light job, defendant paid him compensation in the approximate sum of $480. After petitioner was forced to abandon his light job, defendant, notwithstanding repeated demands, failed and refused to pay him any further compensation. Petitioner continues to suffer constant pain and is unable to follow any gainful occupation. It is shown by the proof, including that of defendant, that petitioner received these major injuries while in the employ of defendant, and that he still suffers pain from them, especially in his left shoulder. The proof further shows that petitioner's training and experience fitted him only for coal-mining work.

In *Hix* v. *Cassetty*, 186 Tenn. 343, 345, 210 S. W. (2d) 481, 482, this Court said: "We think, from the facts in the record before us, complainant is unable to work at his occupation as a common laborer—the work he was qualified to do before his injuries—and that he is totally and permanently disabled under the provisions of the Workmen's Compensation Law, Williams' Code, Section 6878(d) (e)."

In the present case, petitioner's injuries caused him to suffer permanent partial disability.

The trial judge calculated that petitioner was entitled to judgment for a period of 400 weeks at $20 per week, less the credit of $480 above mentioned. We think this was error, as Section 6878(c) of Williams' Code provides that the maximum amount of compensation shall be $20 per week for 300 weeks instead of 400 weeks, as fixed by the trial judge. There is material evidence in the record to show that the injury to peti-

tioner's shoulder is permanent, but that he is able to do some light work.

■ The trial judge held that petitioner was not entitled to recover any compensation for the hernia or rupture, as it did not result from an injury arising out of and in the course of his employment, but was the result of a pre-existing physical weakness, and that the hernia existed prior to the date of the alleged injury and was not compensable under the Workmen's Compensation Act.

In *Matthews* v. *Hardaway Contracting Co.*, 179 Tenn. 98, 163 S. W. (2d) 59, it was held that the Legislature intended to place certain limitations and restrictions on the right to recover compensation for injuries causing a hernia and also to the aggravation or enlargement of a pre-existing hernia. That the amendment to the Workmen's Compensation Act, Section 6892a of Williams' Code, limiting the conditions under which an injury resulting in rupture is compensable undertakes to distinguish injuries that are compensable and those that are not, and for the injured employee to recover he must bring his case within the provisions of the amendatory Act. That the employee was not entitled to recover for injuries which aggravated but did not cause a hernia.

In the present case, there is material evidence in the record to show that petitioner's rupture did not arise out of or in the course of his employment, nor is a result of the first injuries, but existed prior thereto.

It is insisted that the plea in abatement filed by defendant should have been sustained on the ground that defendant was sued in the wrong county, and that the Criminal Court of Putnam County had no jurisdiction

of the case because petitioner is a resident of Overton County and the accident occurred in Fentress County.

The order of the trial judge overruling the plea in abatement recited that he heard oral testimony introduced in support of the plea. The oral testimony was not included in the bill of exceptions and, therefore, is not before this Court.

However, in *Chambers* v. *Sanford & Treadway*, 154 Tenn. 134, 289 S. W. 533, it was held that a compensation action is transitory, and that a suit may be brought in any county where the defendant maintains an office and agent for service of process. The Chambers case was followed in the later case of *Flowers* v. *Aetna Casualty & Surety Co.*, 186 Tenn. 603, 212 S. W. (2d) 595. We are, therefore, of opinion that the Criminal Court of Putnam County had jurisdiction of this case.

Judgment will be entered in this Court so as to allow a recovery on behalf of petitioner for a period of 300 weeks, beginning September 8, 1948, at the rate of $20 per week, as provided by Section 6878 (c) of Williams' Code, less a credit of $480, the amount already paid petitioner; otherwise the judgment of the lower court will be affirmed.

NEIL, C. J., nonconcurring.

NEIL, CHIEF JUSTICE (nonconcurring).

I believe the case should be reversed and remanded for the trial judge to determine the amount of compensation under the Code Section which provides payment of 60% of the difference employee was earning when injured and what he could earn in his injured condition (period being for 300 weeks). Upon a remand the trial judge

must decide how much money he is able to earn in his present condition. Code, Section 6878 (c).

I do not think the amount of money paid to the employee shortly after his alleged injury is conclusive of the question of how much he was able to earn at the time of the trial in the circuit court because of his partially disabled condition.