GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORP. LTD.
Appellant,

*v.*

BENJAMIN F. KIRKLAND, Appellee.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

WILBUR W. PIPER, FOWLER, ROWNTREE & FOWLER, Knoxville, for appellant.

CHEEN, TAYLOR & GROOVER, Knoxville, for appellee.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This suit originated as a petition by Benjamin F. Kirkland, an employee of H. K. Ferguson Company, to recover workmen's compensation. The plea in abatement of the employer and the insurance carrier to the service of process was overruled and the case was heard on the merits and a judgment entered in behalf of the petitioner-employee.

The first matter to be considered is the 4th assignment of error complaining of the action of the trial judge in overruling the plea in abatement.

The facts are as follows: The accident occurred in Anderson County. The employee was a resident of Knox County at the time of the accident and when the suit was filed. The employer H. K. Ferguson Company is a foreign corporation authorized to do business in Tennessee and has its place of business in Anderson County, but it has no office or agency or place of business in Knox County.

The suit was filed in Knox County against the employer and its supposed insurance carrier, the Potomac Insurance Company. Service of process was had on Potomac Insurance Company through the Commissioner of Insurance & Banking and counterpart summons was issued to Anderson County and there served on the employer.

When it developed from the pleadings that Potomac was not the insurance carrier but that General Accident Fire & Life Assurance Corp. Ltd. was the compensation insurer, petitioner was allowed to make substitution of this latter named company and service was attempted to be had by service on the Insurance Commissioner.

By plea in abatement the employer challenged the jurisdiction, averring that it is a foreign corporation authorized to do business in Tennessee; that it had no office or place of business in Knox County; that the accident occurred in Anderson County and it was served by the Sheriff of Anderson County.

By plea in abatement the General Accident Fire & Life Assurance Corp. Ltd. challenged the jurisdiction, asserting that the employer was a non-resident corporation and had no office or place of business in Knox County where the suit was brought; that the accident out of which the suit arose occurred in Anderson County and that the Knox County court did not have jurisdiction of either the employer or the insurance carrier; that the service on the employer by the Sheriff of Anderson County and the service upon the General Accident through the Commissioner of Insurance was invalid because it did not have an offiice or place of business in Knox County but it does have an offiice in Davidson County with

a representative of the Company having a residence in said County.

Thereafter the plaintiff took a voluntary nonsuit as to the employer and the plea in abatement of the General Accident was overruled.

We think it perfectly clear that the trial court was in error in overruling the plea in abatement of the real insurance carrier. The Potomac Insurance Company was not the insurance carrier. Therefore, it was a mere straw man and could not be used for the purpose of fixing the venue in Knox County; when this defendant was eliminated, the suit against the employer went with it because the employer corporation had no office or agency in Knox County and did have one in Anderson County, where it carried on its business.

If this were not correct, a straw man could be used in every case to serve as a predicate for issuance of a counterpart summons to any other County. The substitution of the real insurance carrier added nothing to the material facts of the case, because it had no office or agency in Knox County and did have one in Davidson County.

In *Flowers v. Aetna Casualty & Surety Company*, 186 Tenn. 603, 212 S.W.2d 595, 597, Mr. Justice Gailor summarized the question of where service is to be had on a corporation. On page 607 of 186 Tenn. on page 597 of 212 S.W.2d quoting from the Chambers case, (*Chambers v. Sanford & Treadway*, 154 Tenn. 134, 289 S.W. 533), it is stated that the petition may legally be filed (1) in the county of petitioner's residence if service can there be had on defendant; or (2) in the county where the accident happened, if the defendant is servable there;

or (3) in any county of the state where (Code Sec. 8669) the defendant maintains an office and an agent for service of process. It is further said:

"Our authority for (3) is part of the concluding paragraph of the Chambers opinion, which is: 'If other statutes regulating venue forbid the service of process required to bring the employer before the court of the petitioner's residence, or before the court of the county where the accident occurred, it would follow that the petitioner could go to the locality where the employer could be served with process, and where the rights assured under the Compensation Act could be adjudicated.' "

Then near the bottom of page 609 of 186 Tenn., on page 597 of 212 S.W.2d, he distinguishes the Flowers case from *Brown v. Stone & Webster Eng. Corp.*, 181 Tenn. 293, 181 S.W.2d 148, with this statement:

"In the Brown case, though the Employee filed the petition, neither the Employer nor the Insurer had an office or agent in Smith County, where petitioner brought the action, nor was there servable with process (Code secs. 8643, 1669). The Brown case merely echoed the rule made in *Redman v. DuPont Rayon Co.*, 165 Tenn. 585, 56 S.W.2d 737, where Chief Judge Green said, approving the Chambers case, supra:

" 'Generally speaking therefore, suits against a corporation, except such suits as may be instituted by original attachment, must be brought in a county where the corporation has an office, agency, or resident director. It is urged, however, that the rule is different in suits brought under the workmen's compensation statute * * *.

" 'The whole matter comes down to this: With certain exceptions, a transitory action can be brought in any jurisdiction in which the defendant is found. Code, sec. 8640. Such an action, however, cannot be brought, *in personam*, in a jurisdiction in which the defendant is not to be found. A corporation, an artificial person, is not to be found in any jurisdiction or county unless the corporation maintains an office, agency, or resident director in that county.' 165 Tenn. at pages 588, 590, 56 S.W.2d at page 738."

Then in *T. H. Mastin & Co. et al. v. Loveday,* 202 Tenn. 589, 308 S.W.2d 385, 386, Mr. Justice Tomlinson distinguished that case from the Stone & Webster case. The point in the Loveday case which distinguishes it from the instant case and from Stone & Webster is that the non-resident insurance carrier had designated the Insurance Commissioner as its agent for service of process but it maintains no office or agency in the State. The accident occurred in Blount County where his employer maintained an office but Loveday brought suit in Sevier County where he himself resided; he sued only the insurer, a non-resident corporation, and, therefore, had a right to service of process through the Insurance Commissioner as the designated agent for service of process. That case, therefore, is entirely different from the instant case which falls within the case of *Brown v. Stone & Webster,* supra.

Accordingly, we hold that the court was in error in overruling the pleas in abatement. The judgment below is reversed and the suit is dismissed.