Insurance Company of North America, Incorporated,

*v.*

Charles W. Lane, Jr.

386 S.W.2d 513.

(*Knoxville,* September Term, 1964.)

Opinion filed January 29, 1965.

MILLIGAN, HOOPER & HARRIS, Chattanooga, for Insurance Company of North America, Inc.

SINOR & SINOR, Chattanooga, for Charles W. Lane, Jr.

MR. SPECIAL JUSTICE ROBERT S. CLEMENT delivered the opinion of the Court.

This is a workman's compensation case coming to this Court from the Chancery Court of Hamilton County wherein the Chancellor awarded temporary total disability benefits to Petitioner from November 17, 1962, at the rate of Thirty-Four ($34.00) Dollars per week, but not to exceed $12,500.00 plus all medical expenses incurred, but not to exceed $1,800.00.

The Defendant Insurance Company has appealed to this Court wherein a number of errors are alleged as follows:

(1) The venue of the Trial Court is questioned;

(2) That there had been a final decree in Bradley County on the same subject matter;

(3) and (4) Questioning the right of the Court to award temporary total disability for an indefinite period not to exceed $12,500.00.

Petitioner is a resident of Bradley County, Tennessee. He was injured on October 30, 1962, while working for the Compu-Dyne-Regan-Acme Corporation in Tullahoma, Tennessee. On January 11, 1963, Petitioner filed a suit against the Defendant Insurance Company in the Chancery Court of Bradley County, an answer was duly filed and the case was heard before Chancellor Glenn W. Woodlee at the April term of Court in 1963, at which time

the Chancellor entered a memorandum opinion remanding the case and holding:

"It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that:

"(1) Petitioner shall recover of the Defendant the total amount of his medical and hospital bills shown by the proof in this cause to have been incurred as the result of his accidental injury of October 30, 1962, and

"(2) Petitioner shall recover of the Defendant the amount of his hospital bill incurred during the period of his one-week confinement to the Bradley County Memorial Hospital in Cleveland, Tennessee, and

"(3) The parties may take additional proof if they so desire, or

"(4) Petitioner may submit to surgery after which his disability may be evaluated, or

"(5) Petitioner may dismiss his cause without prejudice.

"This order was rendered by the Court on July 6, 1963, and is entered now for then.

"/s/ Glenn W. Woodlee
'Glenn W. Woodlee, Chancellor.''

In November of 1963, Petitioner took a voluntary dismissal without prejudice. A decree was entered of record in the Chancery Court of Bradley County on November 22, 1963, as of the date of July 6, 1963, nunc pro tunc.

On November 15, 1963, Petitioner filed a suit in the Chancery Court of Hamilton County based on the same injuries as in the Bradley County case, and service was had upon the Defendant in Hamilton County. A pro con-

fesso was taken on December 10, 1963, but was set aside on December 17, 1963, at which time the Defendant filed its answer:

(1) Pleading a former suit pending;

(2) Plea of res judicata;

(3) Lack of jurisdiction and improper venue.

The compensability of Petitioner's claim was not questioned, but the extent of the injuries was questioned, and it was denied that Petitioner was entitled to temporary total or partial disability. All of Defendant's pleas were overruled and temporary total disability benefits not to exceed $12,500.00 were awarded Petitioner.

In his memorandum opinion, the Chancellor said:

"The Court is aware of the fact that this may possibly be the first decree of this kind rendered by the courts of this state, but is persuaded that the *Redmond* case, supra, is authority for such a decree when the Court, as here, is convinced of the Petitioner's temporary total disability but is not convinced from the proof that such total disability will be permanent, which, of course, means forever. In other words, the Court believes that the petitioner is totally disabled to earn a living at this time due to the injuries received, but the Court is not persuaded from the proof in this case that he will never be able to work again and cannot, therefore, render a decree of permanent partial or permanent total disability."

The first assignment of error must be overruled because the Defendant did not properly plead to the venue of the Court. However, the questions of jurisdiction and venue will be discussed and clarified later in this opinion.

T.C.A. sec. 21-616 provides as follows:

"The defendant may incorporate all matters of defense in his answer, and is not required to plead specially in any case, except to *the jurisdiction* of the court. Nor is he required to demur, except for the want of jurisdiction of the subject-matter of the *person,* but he may have all the benefit of a demurrer by relying thereon in his answer."

T.C.A. sec. 16-616 provides as follows:

*"Methods of contesting jurisdiction.*—The jurisdiction of the court of chancery in which suit is brought, can only be resisted by plea in abatement, demurrer, or motion to dismiss."

■ The Defendant did not plead in abatement to the jurisdiction of the person, or the venue of the Court, but elected to file its answer and thereby waived any defense as to jurisdiction or venue.

■ Assignment of error No. 2 insists that the matters between the parties had already been adjudicated in the Chancery Court of Bradley County. This assignment is without merit because the decree of the Chancellor gave the Petitioner the privilege of dismissing his cause without prejudice if he so desired, and the Petitioner elected to do so. The Code section cited by the Defendant, T.C.A. sec. 20-1313, does provide that if the trial is by the Court instead of the jury the suit or dismissal shall be made before the cause is finally submitted to the Court and not afterward. However, in the case of *B. E. Dodd & Son v. Nashville, C. & St. L. Railroad,* 120 Tenn. 440, 446, 110 S.W. 588, 590, this Court speaking through Mr. Chief Justice Beard, said:

"Only courts of equity have jurisdiction to dismiss cases without prejudice to the right of the complainant to bring another suit upon the same cause of action."

■ It, therefore, appears that the Code section cited does not apply to the case at bar and we do not believe that the Chancellor abused his discretion in allowing Petitioner to dismiss his suit.

Before considering Assignment Nos. 3 and 4, the Court deems it proper to discuss certain phases of the Workmen's Compensation Law and especially the question of venue. To properly appraise this matter, it will be necessary to consider the following Code sections:

"T.C.A. 20-401. *Transitory actions*. In all transitory actions, the right of action follows the person of the defendant, unless otherwise specially provided. If the plaintiff and defendant both reside in the same county, such action shall be brought in the county of their residence. (Code 1858, secs. 2808, 2809 (deriv. Acts 1809 (Sept.) ch. 126, sec. 3); Shan., secs. 4513, 4514; Code 1932, secs. 8640, 8641.)"

T.C.A. sec. 50-1018, which is a part of the Workmen's Compensation Law first enacted by Chapter 123 of the Public Acts of 1919, provides that:

"The party filing the petition may, at his option, instead of filing the same before the county judge or chairman, file the same as an original petition in either the circuit, criminal, or chancery court of the county in which petitioner resides or in which the alleged accident happens, in which event summons shall be issued by the clerk of the court in which the proceeding is instituted, and shall be returned before said court

within the time provided for proceedings before a county judge or county chairman. * * *''

As Tennessee within the past few years has become more industrialized, the number of workmen's compensation cases being filed in the lower courts has greatly increased. The question of venue has been raised in the case at bar, and we think it timely to discuss a number of cases where this question has been considered, hoping to arrive at a definite opinion stating where an employee should file his petition under the Workmen's Compensation Act.

One of the earlier cases relating to the venue of a compensation case which is most frequently cited is *Chambers v. Sanford and Treadway*, 154 Tenn. 134, 289 S.W. 533. In that case the petition for compensation was filed in Washington County at Johnson City; where the employer had an office and agent. The petition recites that the petitioner is a resident of Carter County and was injured while at work for the defendants in Carter County. The defendants moved to dismiss for want of jurisdiction on the face of the petition and the Trial Judge sustained this motion. On appeal this Court held that suits under the Workmen's Compensation Act:

"* * * are, personal, not local, and are inherently transitory. *Hill v. Southall Bros.*, 146 Tenn. 129, 240 S.W. 298. And if venue is not restricted to locality by the Compensation Act which creates the right and provides the remedy, the territorial jurisdiction must be controlled by the law which generally regulate venue.''

The Court, in that case, then pointed out the distinction between jurisdiction of the subject matter, which cannot

be conferred by consent, and jurisdiction of the person, which is a personal privilege that may be waived.

The Court stated that, if the provisions of the Compensation Act on the subject of venue were held to be exclusive and to localize the action to the county where the injury occurred or where the petitioner resides, a direct conflict between the provisions of the Compensation Act that the employee of a company or of a corporation with an office or agency in one county carrying on work in another county, or an individual employer resident in one county and operating in another county, could, if the venue provisions of the Compensation Act be construed as exclusive, only be sued in the county where the accident occurred or where the petitioner resided. "Under such a construction, the employee could not bring the proceeding against a foreign corporation having no office or agency or resident director in the county where the petitioner resided or the accident occurred, for section 4542 (now T.C.A. sec. 20-218) provides that it shall apply only to cases where the suit is brought in the county where such agency, resident director, or office is located."

The Court then pointed out that actions against corporations and companies are localized by the statutes, now T.C.A. sec. 20-405 and sec. 20-218 to the county where they maintain an office or agency. The Court stated the purpose of the venue section of the Compensation Act was enacted for the convenience of the parties and witnesses "subject to the rules generally regulating venue." The Court concluded its opinion with the following statement:

*"If other statutes regulating venue forbid the service of process* required to bring the employer before the

court of the petitioner's residence, or before the court of the county where the accident occurred, it would follow that the petitioner could go to the locality where the employer could be served with process, and where the rights assured under the Compensation Act could be adjudicated." (Emphasis supplied)

The Court reversed the action of the Trial Judge in sustaining the motion to dismiss. Nowhere in that case does the opinion show whether or not the defendants were subject to service of process in Carter County where the petitioner resided and the accident occurred. The defendants did maintain an office and place of business in Johnson City in Washington County.

The next case which is most frequently cited is *Redman v. DuPont Rayon Co.*, 165 Tenn. 585, 56 S.W.2d 737. There, a resident of DeKalb County brought suit against his employer, a foreign corporation, in the Circuit Court of DeKalb County. The defendant had no office, agency or resident director in DeKalb County, but maintained its office or agency in Davidson County. Process was served on the defendant in Davidson County. The accident occurred in Davidson County. Mr. Chief Justice Green, speaking for the Court, quoted at great length from *Chambers v. Sanford and Treadway,* supra, and summed up his conclusions in the following language:

"The whole matter comes down to this: With certain exceptions, a transitory action can be brought in any jurisdiction in which the defendant is found. Code, sec. 8640. (Now T.C.A. sec. 20-401). Such an action, however, cannot be brought, *in personam,* in a jurisdiction in which the defendant is not to be found. A corporation, an artificial person, is not to be found in any jurisdiction or county unless the corporation main-

tains an office, agency or resident director in that county.''

The DeKalb County action was dismissed in that case.

The next case dealing with venue of a compensation case is *Borden Mills, Inc. v. Manis*, 173 Tenn. 440, 121 S.W.2d 523. In that case, the petition to determine the rights and responsibilities of the parties under the Compensation Act was filed by the *employer* in Sullivan County, where the accident happened and which was the only county in the State where the employer had an office or agency. The employee resided in Hawkins County but was found in Sullivan County. The Court held the action was properly brought in Sullivan County. In so doing, at page 445 of 173 Tenn., 121 S.W.2d at p. 524, the Court stated:

''Council for Manis, in support of his plea, relies upon our venue statute, particularly Code sec. 8640 (now T.C.A. sec. 20-401), providing that in all transitory actions the cause of action follows the person of the defendant, 'unless otherwise expressly provided.' *We are of opinion that this is a case within the exception* 'unless otherwise expressly provided.' As has been seen, with respect to this particular and unique proceeding, the statute which provides for it expressly places the jurisdiction in the 'county court in which the accident occurred' and it is this judge or chairman who is 'vested with jurisdiction to hear and determine the issues.' Or, if the party bringing the proceeding elects to file the same in the circuit, criminal or chancery court, the Act expressly provides that it is to be filed in the 'court of the county * * in which the alleged accident happens.' *This language is so explicit that it*

*leaves nothing for construction and little further need be said."* (Emphasis supplied)

The next compensation case dealing with venue is *Brown v. Stone & Webster Eng. Corp.*, 181 Tenn. 293, 181 S.W.2d 148. There, the suit was brought in Smith County, which was the county of petitioner's residence. The accident took place in Anderson County. The defendant employer was a foreign corporation qualified to do business in Tennessee, with its resident agent for process located in Knox County. The insurance carrier was a foreign corporation that had designated the Commissioner of Insurance as its agent upon whom process could be served. The opinion states, "The defendant filed a plea in abatement." Whether this refers to the insurance carrier or the employer, or both, is not clear. The contentions of the parties were stated as follows:

"* * * It is the contention of the petitioner that the jurisdiction is in the county in which he resides and that the cause of action is transitory; while the defendant insists that under the peculiar wording of our statute the jurisdiction must be of necessity be local and in the county in which the accident occurred."

The Court then quoted the provisions of the venue section of the Compensation Act and quoted from *Redman v. DuPont Rayon Co.,* supra. It is then stated that the effect of the holding in the Redman case "was that venue is not governed exclusively by section 6885 of the Code." (T.C.A. sec. 50-1018)

The Court then stated that *Borden Mills, Inc. v. Manis,* supra, held that the venue section of the Compensation Act "manifests an intent to fix the local jurisdiction in the county in which the accident occurred, notwithstand-

ing the venue statute providing that in all transitory actions the cause of action follows the person of the defendant 'unless otherwise expressly provided,' since such proceeding is within the quoted exception.'' The Court then held that, while it is true the designation of the Commissioner of Insurance as agent for process by a foreign insurance company is statewide and process may run from any county in the State and be served on him, ''The service of process upon the designated agent for the State appointed for that purpose is cumulative of other provisions for service upon the corporation.''

The Court held that suit was improperly brought in Smith County and should be brought in Anderson County where the accident occurred. The Court then stated: ''Here the defendant corporation had designated a resident agent in Knox County on whom process could be served. It had no office or agency in Smith County. We do not think it was the intention of section 6885 (T.C.A. sec. 50-1018) taken as a whole to give the construction as contended by the petitioner under the facts of this case.''

The next compensation venue case is *Flowers v. Aetna Casualty & Surety Co.,* 186 Tenn. 603, 212 S.W.2d 595. There the suit was brought by the widow and children against the employer and the insurance carrier for death benefits. The accident which caused the death happened in Roane County. The widow and children resided in Hawkins County and brought the suit there. Aetna maintains an office and resident agent in Hawkins County. The employer, a corporation, maintains neither an office nor resident agent in Hawkins County, but has an agent authorized to accept service for the employer in Knox County. A summons was served on Aetna's agent in

Hawkins County and counterpart summons was served on the employer's agent in Knox County. A plea in abatement was filed by the defendants.

In passing upon the meaning of the Workmen's Compensation venue statute, T.C.A. sec. 50-1018, the Court stated:

"The effect of the statute is to give the party filing the petition, an option to file it either in the county of petitioners' residence or in the county where the accident happened, but a condition attaches to the exercise of the option, which is, that the defendant must be servable with process in the county where the petition is filed, for only in that way can service be had on defendant 'as in other civil cases.'"

The Court then quoted at length from the Sanford and Treadway case, supra, and discussed the fact that the action could be brought either against the employer or insurer or both and then stated that it is an elementary maxim of statutory construction that every word, phrase, clause and sentence of an Act must be given effect to carry out the legislative intent. The Court held that since the petitioner was a resident of Hawkins County and the insurance carrier had an office and agent in that county and was subject to service of process in that county, the action was properly brought in Hawkins County. The Court then stated:

"From Judge Cook's opinion in the Chambers case it follows that when, as here, the employee files the petition and the employer is a corporation, the petition may legally be filed (1) in the county of petitioner's residence if service can there be had on the defendant; or (2) in the county where the accident happened, if

the defendant is servable there; or (3) in any county of the State where (Code sec. 8669) the defendant maintains an office and an agent for service of process. Our authority for (3) is part of the concluding paragraph of the Chambers opinion, which is: 'If other statutes regulating venue forbid the service of process required to bring the employer before the court of the petitioner's residence, or before the court of the county where the accident occurred, it would follow that the petitioner could go to the locality where the employer could be served with process, and where the rights assured under the Compensation Act could be adjudicated.' "

The Court expressly stated that this decision in no way is in conflict with *Borden Mills, Inc. v. Manis,* supra, and *Brown v. Stone & Webster,* supra.

The next workmen's compensation case involving venue is *Miller v. Fentress Coal & Coke Co.,* 190 Tenn. 670, 231 S.W.2d 343. In that case the action was brought in Putnam County. The petitioner lived in Overton County and the accident happened in Fentress County. There was a plea in abatement to the venue which was overruled by the Trial Court after hearing proof which was not preserved in a bill of exceptions. It is, therefore, impossible to tell whether or not the defendant was subject to service of process either in the county of petitioner's residence or in the county where the accident happened. In that situation, this Court affirmed the Trial Court, citing *Chambers v. Sanford and Treadway,* supra, and *Flowers v. Aetna Casualty & Surety Co.,* supra.

In the case of *T. H. Mastin & Company v. Loveday,* 202 Tenn. 589, 308 S.W.2d 385, an injured employee brought

suit in the county of his residence directly against the insurance carrier which was a non-resident and had no resident agent in the State other than the State Commissioner of Insurance. Service was had on the Commissioner to which the Defendant filed a plea in abatement. The Trial Judge overruled this plea and awarded compensation. This Court, speaking through Justice Tomlinson, affirmed the judgment, stating:

"The statute makes the State Commissioner of Insurance the true and lawful attorney of a non-resident Insurance Company maintaining no office in this State, and provides the 'process issued by any court of record in this state, and served upon such commissioner by the proper officer * * * shall be deemed a sufficient process on said company'. Section 56-308, T.C.A. and 56-320, T.C.A.

"This 'insurance commissioner, as agent by appointment of a foreign insurance company, is agent for the whole state, on whom process, running from any county, may be served without regard to the location of business or of the place where the cause of action arose.' *Cartmell v. Mechanics' Ins. Co.*, 167 Tenn. 498, 500, 71 S.W.2d 688, 689."

██ It seems to us that all of the foregoing cases can best be reconciled by holding that workmen's compensation cases must be brought (1) in the county of Petitioner's residence, or (2) in the county in which the accident happened, if the defendant is subject to service of process in either of those counties, and if the insurance company alone is being sued, and service of process can be obtained on the Insurance Commissioner, venue is restricted to the county of Petitioner's residence or where the accident occurred; or, (3) that the petition

may be filed in any county of the State where the Defendant maintains an office or agent for service of process only if the Defendant is not servable in either of the counties referred to aforesaid in keeping with the Workmen's Compensation Act, T.C.A. sec. 50-1018. However, in any event where a material defendant is properly before the Court, counterpart process may issue as provided by law.

■ We come now to consider assignments of error No. 3 and 4 wherein the Defendant contends that the nature of the award of temporary total disability not to exceed $12,500.00 is improper and beyond the authority of the Trial Judge.

Petitioner's doctor testified that Petitioner was one hundred per cent permanently disabled and that the only chance of improvement was for major surgery to be performed on Petitioner's spine.

The Defendant's doctors testified that the Petitioner suffered no permanent disability.

In the case of *Redmond v. McMinn County*, 209 Tenn. 463, 354 S.W.2d 435, temporary total disability is defined as follows:

"Under statutes like ours, 'temporary total disability' refers to the injured employee's condition while disabled to work by his injury and until he recovers as far as the nature of his injury permits; and it is separate and distinct from many of the other four kinds of disability. *Jackson v. Bethlehem-Fairfield Shipyard, Inc.,* 185 Md. 335, 44 A.2d 811; *Vishney v. Empire Steel and Iron Co.,* 87 N.J.L. 481, 95 A. 143.

" ' "Temporary disability is a condition that exists until an injured workman is as far restored as the

permanent character of the injuries will permit, and the length of the period of the temporary disability can only be determined when that period ends.'' ' Citing cases. 11 Schneider, Workmen's Compensation, sec. 2308, pp. 435, 436.''

We doubt that the Trial Judge had the power to adjudicate Petitioner's temporary total disability in such an indefinite manner. Certainly, there is a time when *temporary total disability* ends, and a determination can be made with reasonable certainty as to whether the condition of Petitioner would respond to further treatment or whether his disability is permanent. We do not believe that it was the intent of the Legislature to allow an employee's temporary total disability to be adjudicated as it was in this case in such an indefinite manner and for a possible period of approximately seven years.

This cause is reversed and remanded for a new trial, at which time it is hoped that medical authorities may be in better position to ascertain the percentage of employee's disability, if any, and whether it be temporary or permanent.

The costs of this appeal are divided equally between the parties.